WALL, Respondent, v. NAY *et al.*, Appellants.

1. The sixth section of the act concerning the foreclosure of mortgages (R. C. 1855, p. 1089) allows persons, claiming an interest in the mortgaged property, to be made parties defendant, on motion, in suits for foreclosure, only with a view to the protection of their own interests. It was not designed thereby that a third party should be let into the suit with a view to the protection of the interests of the necessary parties. Such third party must show that some injustice would be done to him by letting judgment go against the other parties.

2. A person is not entitled to the reversal by the supreme court of a judgment for error committed against another.

### *Appeal from Lafayette Circuit Court.*

It is sufficient to state, in addition to the facts stated in the opinion of the court, that at the same term at which Winsor was permitted to come in and file his answer, the plaintiff admitted the facts stated therein, and the cause was submitted to the court and judgment rendered for plaintiff.

*Ryland & Son*, for appellants.

I. The plaintiff showed no cause why an order of publication should be made against Nay. (R. C. 1855, p. 1222–4.) The plaintiff can not, under leave of court to file an amended petition, file one containing the original cause of action, and also other, different, distinct, and independent causes of action. This is bringing a new suit without any new summons. Notes coming due on the day before the amendment was made were embraced in such amended petition. (Holly v. Doane, 26 Mo. 186.) The judgment rendered is erroneous. The parties Nay and Durst were never properly before the court on the amended petition. The order of publication is not sufficient. Parties are not properly notified.

*Hicks & Silliman*, for respondent.

I. Winsor by his showing had no interest in the mortgaged property at the institution of this suit. He came in under the sixth section of the act concerning mortgages. (R. C. 1855, p. 1089.) Under that section he could only answer

in bar of the deed, debt, or damages claimed. These were the only issues he could raise. The action of the court was regular. There is no judgment or decree against Winsor from which he could appeal. He only appeals from technical errors supposed to have been committed against Nay, and not for errors committed against himself, or growing out of matters set up in his answer. Nay does not complain. Defendant's interest is not injuriously affected by the judgment.

NAPTON, Judge, delivered the opinion of the court.

The sixth section of the act concerning mortgages provides that " any person claiming an interest in the mortgaged property may, on motion, be made defendant to any such proceedings, and may answer in avoidance or bar of the deed, or debt or damages, and issue shall be made and tried as in ordinary civil actions." Under this section the appellant, Winsor—who purchased the mortgaged premises after the commencement of this suit against Nay, the mortgagor—and Durst, the occupant of the land, was permitted to come in and defend. The suit had been progressing for upwards of eighteen months when Winsor applied to be made a party. The answer filed by Winsor set up a variety of objections to the proceedings. It alleged that there was no affidavit to authorize the order of publication against Nay; that the amendment made to the petition, at the second or third term after the suit was brought, embraced new causes of action and ought not to have been allowed; that the notice by publication against Nay did not embrace all the causes of action contained in the amended petition; that judgment by default against Nay and Durst was irregular; that the term when this answer was filed was not the trial term. In short, the answer contained a general review of the proceedings of the court against Nay and Durst had before Winsor came into the suit, and alleged them to be informal, irregular and illegal. There was no allegation that the deed was not valid or duly executed and binding upon all the parties to it, or that the money it was intended to secure was not due, or had been

paid, or any part of it. On the contrary, these facts were admitted.

The only question we consider to be presented in the record is whether this answer is such an one as was contemplated by the section of the statute above referred to. If it was not, it ought to have been stricken out or disregarded.

The only object of this provision of the statute is to enable the party having an interest in the premises mortgaged to protect his own interests. It was not designed that a third party should be let into the suit with a view to protect the interests of the necessary parties. The law supposes them competent to attend to their own interests, and if they choose to neglect them, or waive the formalities prescribed for such proceeding, it is their business solely. It would be a strange anomaly, and contrary to all analogies, to allow objections to the mere forms and order of proceeding in a suit to come from a party who can not be in any way affected by them. Parties defendant are allowed to waive all forms and confess a judgment, or they may refuse or decline all participation in the case, and let the law take its course. If a court, under such circumstances, should see that any injustice was likely to be done, we suppose there should be no hesitation in arresting the proceedings, no matter how the matter might be brought up. But the class of objections urged in the answer of the appellant here, it is obvious, do not touch the merits of the defence, even so far as the original parties are concerned; they are purely technical. We do not wish to be understood by this that they are frivolous or captious, or that they would not be valid if coming from the proper quarter. We do not feel ourselves called upon to examine them. The party making them comes under the sixth section of the act above referred to, and must make such defences, and such alone, as that section provides for. His answer must show that some injustice would be done to him by letting judgment go against the other parties. This is not attempted according to our construction of the statute. Nothing is charged against the validity of the mortgage, and

nothing against the existence of the debt. What issues of fact are presented by the answer? It is merely a review of the previous proceedings of the court. What is there to be tried by a jury, if issue had been joined upon the answer?

The effect of the action of the court below was to disregard the answer of Winsor. No judgment was given against him, but a judgment for a foreclosure and a personal judgment for the debt against the mortgagor, Nay. It may be conceded that Nay might have arrested the judgment or reversed it upon writ of error; but the only question, which the court decided touching the defendant Winsor, was that his answer was not sufficient under the statute. If that decision was wrong, he has a right to have it corrected; but if right, he was no longer in court. He has nothing to complain of. He has no right to come here and ask the judgment to be reversed for errors committed affecting Nay alone. The statute, under which he was allowed to come into the case, does not warrant such a construction. If it did, we can see how gross injustice might result. We may suppose a suit upon a plain note and a mortgage given to secure it. The parties, it is understood, do not intend to appear or make any defence. They may be in court every day during the progress of the suit, and yet pay no attention to it, knowing that the debt is justly due, and willing and agreeing that a judgment may be obtained. At the term, however, at which the suit is about to terminate, a third person purchasing the land directly or indirectly from the parties defendant, comes in under the sixth section of the mortgage act, and contests every step taken in the cause, and the disregard of forms, into which the plaintiffs may have fallen by reason of the understanding with the original defendants, is made to protract and delay the judgment or defeat it entirely, contrary to the agreement, and, it may be, the wish of the parties, who alone have any interest in the matter. We do not understand such to be the meaning of the statute. We think the answer should have been stricken out or disregarded, as proffering no issues in which the de-

fendant Winsor had any interest or any right to defend. Judge Ewing concurring, the judgment is affirmed.

Judge Scott was absent at the hearing and determination of this case by reason of sickness in his family.