MUENKS v. BUNCH *et al.*, *Appellants*.

1. **Fraudulent Conveyance**: DEED FROM FATHER TO SONS: CONSIDERATION. A deed of his homestead by a father to his sons, upon condition that they pay off a mortgage upon it and take care of him and his wife, who were old and infirm, the remainder of their lives, was made upon sufficient consideration and was not in fraud of creditors of the father existing at the time. It was an arrangement which the father had the right to make, and one which was demanded by his necessities.

2. **Fraud**: EVIDENCE. A party who seeks relief upon the ground of fraud must prove fraud, and it may be proved by the circumstances attending the transaction, which often furnish the most convincing proof; but in this case the circumstances are all consistent with good faith.

3. **Practice**: EQUITY: PRAYER FOR RELIEF. A plaintiff may, in equity, under the prayer for general relief, have any relief to which he shows himself entitled, and which is also founded upon, and consistent with, the petition. But there must be facts stated upon which the relief can be based, and from which, when proved, the relief flows as a legal sequence.

*Appeal from Osage Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*Edwin Silver* and *R. S. Ryors* for appellants.

(1) The decree is absolutely without evidence to support it. Fraud must be proved, not conjectured. *Priest v. Way*, 87 Mo. 16. (2) The evidence shows that the deed from George Bunch was made for a valuable consideration, viz., the payment by them of the mortgage on the land and the support of the grantor and his wife. (3) The land being the homestead of George Bunch it could not be conveyed in fraud of his creditors.

His sons took the land exempt from his debts just as he held it. *Holland v. Kreider*, 86 Mo. 59. (4) There is a fatal variance between the case stated in plaintiff's bill and his evidence. The bill charges that George Bunch made the deed to his sons to defraud his creditors, and the evidence of plaintiff, if it made out a case for relief at all (which we deny), would be one to enforce an express trust against the land for the benefit of the creditors. *Newham v. Kenton*, 79 Mo. 383. (5) But such trust is within the statute of frauds and must be evidenced by writing. *Lane v. Ewing*, 31 Mo. 75 ; *Cornelius v. Smith*, 55 Mo. 533 ; *Peacock v. Nelson*, 50 Mo. 261. (6) There is no evidence going to show that William N. Bunch took the land with knowledge of any trust in favor of George Bunch's general creditors. ' Plaintiff's evidence on this point relates only to the statements of James G. Bunch. William Bunch denies all knowledge of any such understanding, and there is no evidence in anywise fixing such knowledge on him. He, therefore, was a purchaser for a valuable consideration without notice of the land being affected with any trust. (7) William N. Bunch could, therefore, convey a good title to Drury Smith in any event. *Funkhouser v. Lay*, 78 Mo. 459 ; *Craig v. Zimmerman*, 87 Mo. 475. (8) The evidence shows Drury Smith to be a *bona fide* purchaser for a valuable consideration. (9) The conveyance of George Bunch to his sons was not a mortgage, and the cases cited by respondent do not support him in this claim. (10) The trust in this case, if any, is an express trust and within the statute of frauds. R. S., sec. 2511. Implied trusts stand either upon the presumed intention of the parties, or, independently of such intention, are forced by operation of law upon the conscience of the person seized, as in cases of meditated fraud, notice of an adverse equity, or the like. 2 Minor's Institutes [3 Ed.] 214. Such implied trusts, it is true, are not within the statute of frauds, but that is not this case.

See R. S., secs. 2511, 2512; *Peacock v. Nelson*, 50 Mo. 261. Even if this were a case of implied trust plaintiff's evidence is insufficient to establish it. *Forrester v. Moore*, 77 Mo. 662. This action on the trust theory, being within the statute of frauds, neither plaintiff nor any one else can enforce it even under pleadings proper in form. (11) There is nothing to help plaintiff in the point that the conveyance by George Bunch was made in 1876, and while Revised Statutes, section 2693, was in force which gave the widow and children after his death but a limited estate in the homestead. The conveyance in question was made by George Bunch in his lifetime, and not by his widow or children after his death. The case here is not different as to the dates of the conveyances from the cases of *Hollander v. Kreider*, 86 Mo. 61, and *Davis v. Land*, 88 Mo. 436. (12) The creditors could not have a vendor's lien on the land on the theory that they advanced part of the purchase money thereon. *Wooldridge v. Scott*, 69 Mo. 669. (13) This case should not be remanded to enable plaintiff to amend his pleadings to enforce a trust. (*a*) Because such a suit would be barred by the statute of frauds. See, *supra*. (*b*) Such amendment would change the present cause of action and would, therefore, not be permissible. The same evidence would not support both petitions, nor would the measure of damages or relief sought be the same. *Scoville v. Glassner*, 79 Mo. 449. The relief sought by the amended petition would be to uphold the deeds, not to annul them and the proof to sustain such amended petition would necessarily be different from that required to support the present petition.

*Smith & Krauthoff* and *Mosby & McCord* for respondent.

A case of fraud is fully stated in the petition and

made out by the evidence ; and if not, then the transaction between George Bunch and his sons constituted an equitable mortgage. If said conveyance was intended to secure a debt or the performance of a duty, either existing or to arise in the future, it was a mortgage. *Worley v. Dryden*, 57 Mo. 226 ; *Turner v. Kerr*, 44 Mo. 430 ; *O'Neill v. Capelle*, 62 Mo. 202 ; Hilliard on Mort., p. 105, ch. 5 ; Wash. on Real Prop. 502. The true test of whether a conveyance is a mortgage or not is to ascertain whether the conveyance is a security for the performance or non-performance of any act or thing. If the transaction resolve itself into a security, whatever may be its form, it is in equity a mortgage. *Flagg v. Mann*, 3 Sumner, 533. And when the intention of the parties is doubtful, and the court is to determine whether the transaction is a mortgage or a conditional sale, it will be held a mortgage, as that construction is more equitable. In order to ascertain the intention of the parties, the court will look into the deed and all the attendant circumstances. *Brant v. Robertson*, 16 Mo. 144 ; *Desloge v. Ranger*, 7 Mo. 327 ; 1 Wash. on Real Prop. 516. The right of redemption is a necessary incident. *Flagg v. Mann*, 3 Sumner, 538. And when there is no right of redemption reserved, the conveyance may still be a mortgage. *Palmer v. Guernsey*, 7 Wend. 248. It is not absolutely necessary in all cases that a defeasance in writing should pass between the parties. *O'Neill v. Capelle*, 62 Mo. 206 ; Story's Eq. Juris., p. 221, sec. 1. A parol agreement which remains altogether executory is not enforceable, yet when there has been part performance of it, it cannot in equity be avoided. 1 Jones on Mort., sec. 164. If the transaction between George Bunch and his sons be regarded as a constructive or implied trust, and as raised by implication, it is not, therefore, within the purview of the statute of frauds, but is excepted from the operation of that statute. *Pratt v. Clark*, 57 Mo. 189 ; Story Eq. Jur., secs. 1217, 1218,

1219, 1220. And the promise having been made for the benefit of these plaintiffs, they were entitled to sue to enforce it. *Rogers v. Gosnell,* 51 Mo. 466 ; *Schuster v. Railroad,* 60 Mo. 290; Bliss on Code Pleading, sec. 58. The plaintiff is entitled to any relief consistent with the facts set up in the petition. *Gibson v. Lane,* 37 Mo. 189 ; *Keeley's Heirs v. McGuire,* 37 Mo. 189 ; *Real Est. S. Inst. v. Collonious,* 63 Mo. 295 ; *Truebody v. Jacobson,* 2 Cal. 269. Under the structure of the petition and the general prayer thereof, this court can declare said transaction between George Bunch and his sons a mortgage and decree its enforcement. Story's Eq. Plead., secs. 40, 41, 42, 43. If, however, it should be thought that the pleadings should be re-framed, the case should be remanded for that purpose. *Provolt v. Railroad,* 57 Mo. 256, 264. Under the statute of this state, a homestead may be the subject of a mortgage by husband and wife. There are no words of preclusion in the statute. Jones on Mort., secs. 731, 1286. The transaction between the father and sons constituted a constructive trust and raised a lien in favor of the father's creditors, to the amount of his debt for the purchase money of the lands. The sons, and those purchasing the land from them with notice, became trustees for the creditors of the father. Story's Eq. Jur., secs. 1217, 1218 ; *Harvey v. Morris,* 63 Mo. 475 ; *Tatum v. Brooker,* 51 Mo. 149. The vendees took possession of the land and disposed of the same to Smith. Neither they nor he could do this without paying the purchase money. *McJudee v. Morman,* 26 Wis. 588. This trust being raised by implication is not within the purview of the statute of fraud. Story Eq. Jur., secs. 1218, 1219 ; *Walker v. Owen,* 79 Mo. 563 ; *Woods v. Straup,* 63 Mo. 433. The defendant had sufficient notice of the plaintiff's equity to take the land subject to that equity. Notice is not necessarily positive information brought directly home, but any fact that would put an ordinarily prudent

man on inquiry is notice. *Meier v. Blume*, 80 Mo. 179 ; *Kingsland v. Drum*, 80 Mo. 651 ; *Musick v. Barney*, 49 Mo. 458 ; *Major v. Buckley*, 51 Mo. 227. He who takes with a notice of an equity takes subject to that equity. *Gibson v. Lair*, 37 Mo. 188 ; 2 Sugd. on Vend. 268 ; *Mead v. Oney*, 3 Ark. 238.

BLACK, J.—George Bunch, being the owner of the eighty acres of land here in question, conveyed the same to his sons, James and William Bunch, by deed, dated November 17, 1876. In 1879, William conveyed to James, who re-conveyed to William, and in 1880, the latter sold and conveyed the land to the defendant, Drury Smith. George Bunch died in 1878, indebted to the plaintiff and others on demands existing at the date of the deed to the sons. These demands were allowed by the probate court against the estate of Bunch, and the plaintiff now prosecutes this suit to set aside the deeds before mentioned and to subject the property to the payment of his demands, which amount to three or four hundred dollars. The petition alleges that the deed to the sons was without consideration, and further, that that deed and the other deeds between the sons were to defraud the creditors of George Bunch, and that the defendant, Smith, had notice and knowledge of that fraud when he purchased the property.

The evidence shows that when George Bunch made the deed to the sons he was old, infirm and unable to work. He and his wife and son, William, who was under the age of twenty-one, resided upon the land. The property was encumbered by a mortgage, payment of which was being pressed and he was unable to pay it in whole or in part. The father proposed to convey the land to the sons if they would pay the mortgage debt, and keep the old folks the remainder of their lives, and the deed was executed upon that verbal agreement. James, who was then married and living to himself, moved to the

land in question and at once paid the interest on the mortgage, and in time the two boys liquidated the debt, at the same time giving the father and mother a support. The land was worth twelve or fourteen hundred dollars. The amount of the mortgage is not given. It must have been in excess of four hundred dollars. William became indebted to the defendant, Smith, and sold the land to him for seventeen hundred dollars. The widow of George Bunch preferred to live with her son, George, and William gave her seven hundred dollars of the money received from Smith. There can be no doubt that the deed to the boys was made upon sufficient consideration. The party who seeks relief upon the ground of fraud must prove it. Fraud may be gathered from the circumstances attending the transaction and often times they furnish the most convincing proof of fraud. But here the circumstances are all consistent with good faith. The arrangement was such as the father had a right to make and one which his necessities demanded. The payment of the seven hundred dollars by William to his mother would at first indicate some previous secret trust, but it is to be remembered that he was then under an obligation to give her a support, and as she desired to go, and did go, to live with the other son, it was proper for him to pay her the money in lieu of the support. Some of the evidence tends to show that the boys were to pay all the debts of the father, but there is express evidence to the effect that they were to pay only the mortgage. Be that as it may, there is no evidence in the case to justify the decree, even as against the boys. It may be stated that this property was the homestead of George Bunch, and, as against him, could not have been sold for the payment of the unsecured debts.

It is also urged that the consideration of the sale by the father was the assumption and payment of the unsecured as well as the secured debts, and that the de-

fendant, Smith, had notice of all this when he purchased. On this proof it is contended, (1) that the deed should be treated as a mortgage; (2) that the creditors have a vendor's lien as for unpaid purchase money; (3) that a trust results to them to the extent of their debts. These questions of fact and law are not before us for determination; for the petition lays no foundation for relief on any such grounds. The plaintiff may, under the prayer for general relief, have any relief to which he shows himself entitled, and which is also founded upon and consistent with the petition. But there must be facts stated upon which the relief can be based—facts from which, when proved, the relief flows as a legal sequence. *Newham v. Kenton*, 79 Mo. 382. The only facts stated in this petition are that the deeds were made in fraud of creditors, and one of them without any consideration. These facts, if proved, lead to a cancellation of the deeds, not an affirmance of them.

The judgment is, therefore, reversed, and the bill dismissed for failure of proof. All concur, except Sherwood, J., a    nt.