SAMUEL C. DAVIS et al., Respondents, v. WOLF COHN et al., Defendants; MAX LIPSCHITZ et al., Appellants.

**St. Louis Court of Appeals, November 25, 1902.**

1. **Actions on Foreign Judgments: PLEADING AND PRACTICE: COSTS: EQUITY.** In an action to recover costs adjudged in favor of plaintiff in a final decree in equity in a foreign State, it is not necessary to plead the statute authorizing the awarding of costs.

2. **Equity: EQUITY PRACTICE: DECREE FOR COSTS: DISCRETION OF COURT.** It has been the equity practice since the institution of chancery courts, that the chancellor may award costs against either party to a suit, in his discretion.

3. ———: ———. And the right to award costs in an equity case in an Illinois court, does not depend on an Illinois statute.

4. ———: ———: DECREE IN A SUIT IN EQUITY IN FOREIGN STATE. A decree in a suit in equity in a foreign State, awarding cost in favor of plaintiffs therein, may be enforced by an action in this State.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

The suit was commenced before a justice of the peace on the following complaint, omitting caption:

"Plaintiffs, John T. Davis and Andrew Sproule, for cause of action state that they are and were at the times hereinafter mentioned co-partners under the firm name of Samuel C. Davis & Co. That heretofore, to-wit, on the ninth day of March, 1897, a cause was pending in the circuit court in and for Menard county and State of Illinois, on the equitable side of said court, wherein these plaintiffs were complainants and de-

fendants herein, Wolf Cohn and Louis Cohn, co-partners as W. Cohn & Bro.; Max Rubenstein, Max Bieber and G. Rubenstein, co-partners as M. Bieber & Company; Max Lipschitz and Morris Lipschitz, co-partners as M. Lipschitz and Company, and Joseph Romansky, were defendants, which cause had for its object the setting aside of certain confessions of judgment heretofore made by defendants W. Cohn & Bros. to the other named defendants therein. That on said date in said suit a final decree was rendered setting aside said confessions of judgment and also decreeing that the defendants in said cause, who are also defendants herein, should pay the costs of said proceeding as taxed by the clerk of said circuit court of Menard county, Illinois.

"Plaintiffs also state that defendants had theretofore entered their appearance in said cause, and said judgment and costs was a personal judgment against all of these defendants.

"Plaintiffs state that the total amount of the costs in said cause was four hundred and three dollars and thirty-eight cents and that defendants have not paid any part of said amount. That the costs incurred by complainants in said cause amounted to two hundred and fifty-eight dollars and thirty-three cents, and for this amount a cost bill was issued against the complainants in said cause, who are plaintiffs herein.

"That plaintiffs were compelled to pay and have paid said amount of two hundred and fifty-eight dollars and thirty-three cents. That plaintiffs have requested defendants to pay said amount, but defendants have refused.

"Wherefore plaintiff prays judgment against defendants Wolf Cohn and Louis Cohn, co-partners as W. Cohn & Bro., Max Rubenstein, Max Bieber and G. Rubenstein, co-partners as M. Bieber and Company; Max Lipschitz and Morris Lipschitz, co-partners as M. Lipschitz & Company, and Joseph Romansky, for said sum of two hundred and fifty-eight dollars and

thirty-three cents, with interest from the date of the filing of this suit, and for their costs."

All the defendants were not served with process; of those on whom service was had, the justice of the peace rendered judgment against Max Lipschitz and M. Bieber. They appealed to the circuit court. On a trial anew in the circuit court plaintiffs again recovered judgment from which, after an unavailing motion for new trial, defendants appealed.

*Chester H. Krum* for appellants.

(1) No statute of Illinois, making a plaintiff liable for costs where the defendant does not pay under a judgment against him, having been pleaded, it will be assumed that the common law obtains in Illinois on this subject. (2) If there was any liability on the part of appellants to respondents for costs paid by them, it must have resulted from statute, and no statute of Illinois was pleaded. Where the cause of action results from a foreign statute, it must be pleaded. Garrett v. Conklin, 52 Mo. App. 654; Clark v. Barnes, 58 Mo. App. 667.

*Johnson & Richards* and *Charles Claflin Allen* for respondents.

(1) "Where a foreign law is not the basis of the action or defense but is merely an evidential part thereof, it may be proved without being pleaded." Clark v. Barnes, 58 Mo. App. 667; Banchor v. Gregory, 9 Mo. App. 102. (2) Under the practice in equity, time out of mind, the chancellor has had discretion to award costs against either party. (3) Pomeroy's Eq. Jurisprudence, sec. 1328n; 4 Am. and Eng. Ency. of Law, p. 322; 13 Cent. Dig., title "Costs," sec. 21, citing innumerable cases, including many in Illinois.

BLAND, P. J.—1. Plaintiffs introduced and read

in evidence a properly authenticated exemplification of the judgment described in the complaint, reciting that these defendants were served with process by publication and appeared by attorney in the Illinois circuit court and pleaded to the suit. To the judgment was attached a bill of the costs, which accrued in the case, taxed and certified to by the circuit clerk of Menard county, Illinois, showing that $258.33 of the costs had accrued on plaintiff's account and $145.05 on account of the defendants, and that plaintiffs had paid the costs ($258.33) which had been made on their behalf. Plaintiffs also proved the payment of the costs by the oral evidence of an agent of the plaintiffs, and proved by the laws of the State of Illinois, and by a person learned in the laws of the said State, that judgments of the courts of that State, against two or more defendants, are joint and several obligations.

Defendants offered no evidence but at the close of plaintiff's evidence offered an instruction in the nature of a demurrer to the evidence which the court overruled.

Defendants, on the trial, objected to any evidence on the ground that the complaint did not state a cause of action in that it failed to plead specifically any statute of the State of Illinois making a plaintiff liable for costs where the judgment defendant does not pay them, and that when a cause of action results from a foreign statute, it must be specially pleaded.

The suit in the Illinois court was an equitable one. The decree in part is that defendants (including the defendants herein) pay the costs to be taxed by the clerk of the court. The decree, that the defendants pay the costs, is a part of the Illinois judgment rendered by a court of equity. That to award costs, in an equitable suit against either party, is in the discretion of the chancellor, is the equity practice everywhere and has been so since the institution of chancery courts. 3 Pomeroy's Eq. Juris., sec. 1328. The right to award costs by the Illinois court did not depend upon an Illinois statute. It was inherent in the court.

2.   It is contended that there was no direct evidence that appellants directly employed attorneys to file answer in the Illinois suit, and that there was no service of process upon them and, therefore, the judgment is not binding against them.

In Omahundro v. Clarkson, 13 Mo. App. 583, it was held that in an action on a foreign judgment it is not necessary to show that the counsel representing the defendant in the foreign court was authorized to do so by warrant of attorney and that it is immaterial in such action that the record show the defendant was served by publication, when it appears that he appeared and was defended by attorney.

It is not the law, and never has been, that an attorney at law is required, every time he appears in a court to prosecute or defend a cause, to show a warrant of attorney, or other special authority, to appear. His license is a general warrant to appear for any one who may engage his services, and his appearance is always presumed to be at the request of the person he professes to represent.

The judgment for costs was in favor of the plaintiffs.   It was their judgment, their property and they had a right to enforce it.   Cranor v. School District, 151 Mo. 119.

We discover no reversible error in the record and affirm the judgment.   *Barclay* and *Goode, JJ.,* concur.