## J. H. KITTREDGE, Appellant, v. CHILLICOTHE LOAN & BUILDING ASSOCIATION, Respondent.

Kansas City Court of Appeals, November 23, 1903.

1. **APPELLATE PRACTICE: Equity: Conflict of Evidence: Deferring to Trial Court.** In an equity proceeding, the appellate court may, in the conflict of evidence, defer to the finding of the trial judge.

2. **BUILDING AND LOAN ASSOCIATION: Minimum Premium: Usury.** A building and loan association can not fix a minimum for preference of loan under which a member may not borrow, and such premium would be unauthorized and usurious.

3. ———: ———: **Competition: Estoppel.** Though a minimum premium be prescribed, yet if the purchaser upon competition bid beyond such premium, he can not complain thereof; and there is no element in this case of usury.

4. ———: **Credit for One-half of Premium: Estoppel.** A rule giving the stockholder credit on his loan for half the premiums he paid to a building and loan association was changed, and thereupon a warrant was issued to the plaintiff for his half of premiums to that date and entered upon his book, with notice that such practice would cease. *Held*, plaintiff was estopped to complain of the retention of the premiums by the association thereafter.

5. ———: **Preference of Directors: Evidence.** The evidence is held not to sustain a charge that the directors, as borrowers, fared better than other stockholders in the defendant association.

6. ———: **Interest: Usury.** Though a fraction of a cent in the monthly interest beyond the legal amount is charged, it will scarcely authorize the disturbance of a decree since the maxim, *de minimis non curat lex*, applies.

7. ———: **Evidence: Partiality: Insolvency.** The evidence fails to show any exaction of usury by the defendant association, or a state of insolvency therein, or anything justifying the appointment of a receiver.

8. **EQUITY: Costs.** An equity court has the right to apportion the costs as it may deem best.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*L. A. Martin* for appellant.

(1)  The loan made to plaintiff in this case was usurious.  The board of directors of defendant had a fixed minimum premium.  There was no competitive bidding among the borrowers seeking loans.  The bids were made against the directors, who bid for the sole purpose of getting a higher premium for their money, in other words to extort usury from the borrower. R. S. 1899, sec. 2812; Moore v. Bldg. Assn., 74 Mo. App. 468; Brown v. Archer, 62 Mo. App. 277; Price v. Loan Assn., 75 Mo. App. 551; Barnes v. Assn., 83 Mo. App. 466; Miller v. Loan Assn., 83 Mo. App. 669; Clark v. Assn., 85 Mo. App. 388; Fowles v. Loan Co., 86 Mo. App. 103.  (2)  The directors of defendant could not borrow any of its money lawfully, unless they complied with all the formalities required of other stockholders. The intention of the law is that all stockholders shall be treated fairly.  For a stronger reason therefore, directors could not bid at meetings against borrowing stockholders for the sole and only purpose of increasing the premiums. · Sec. 2812, R. S. 1889.  (3) The court erred in taxing costs against plaintiff.  Its finding was that under plaintiff's contract one-half of the premiums collected, must be credited on his debt, and he did so credit it in fixing the amount of judgment.  Reducing the amount claimed by defendant from $328.83 to $156.39, or in other words, the court found that defendant tried to extort from plaintiff $172.44 of usury, and yet adjudged that he, plaintiff, must pay costs of suit.  All costs should have been taxed against defendant.  Sec. 3709, R. S. 1899.  (4)  Defendant extorted usury of plaintiff by fraudulent bidding, fixing premium, unjust

and illegal fines, and lastly by trying to change its contract with the plaintiff so as to get out of paying back the half premium paid by him, as under its obligation and contract it was compelled to do. Every part of loan to plaintiff is tainted with usury. We are not required to prove usury by positive testimony. It will be inferred from all the facts and circumstances in the case, and there is no device or shift to evade the statute, under or behind which the law will not look, in order to ascertain the real motive of the transaction, and no act, however solemnly executed, will stand in the way of getting at the truth. F. L. & Guar. Co. v. Baker, 54 Mo. App. 79; Parsons on Contract (2 Ed.), 117-118-119; Stein v. Swenson, 46 Minn. 360; Sylvester v. Swan, 5 Allen (Mass.) 144.

*Paul D. Kitt* and *John L. Schmitz* for respondent.

(1) The loan was awarded to plaintiff on his bid in open competition at a public meeting of the directors, and the premium so bid, added to the legal rate of interest, does not constitute usury.   State ex rel. v. Stockton, 85 Mo. App. 477; Miller v. Bldg. Assn., 83 Mo. App. 669.   (2)   Even if defendant had, at the time this loan was made, a minimum fee of 25 cents per share of $200, it would be incumbent upon plaintiff to establish conclusively that the amount of bonus or premium bid by him was controlled or affected by such by-law. Sav. Fund and Loan Assn. v. Young, 9 W. N. C. (Pa.) 251; Albright v. B. & S. Assn., 102 Pa. St. 411; Thornton and Blackledge on Building and Loan Associations (1 Ed.), sec. 229; Am. and Eng. Ency. of Law (2 Ed.), 1070.   (3)   Plaintiff and appellant having accepted a return of part of the premium paid and given his receipt in full for all claims for return of premium, and thus participating in the profits, is estopped from making further claim for return of premium. Cover et vir v. B. & L. Assn., 93 Mo. App. 302.

SMITH, P J.—The defendant is a building and loan association incorporated under the statutes of this State. In November, 1891, the plaintiff was a stockholder in said association holding seven shares therein of the par value of two hundred dollars and on the thirteenth day of said month procured a loan to be made to him by it of the sum of $1,400 and executed his promissory note to it for that amount, payable one day after date with 8 per cent interest from date, and to secure which he pledged said shares of stock and executed a deed of trust on certain real property.

The plaintiff claimed that he had fully paid said note and was entitled to have said association enter satisfaction of said deed of trust on the margin of the record thereof, which was denied by said association. It claimed there was still due it on said note, after giving all the credits to which it was entitled, the sum of $301. The plaintiff thereupon brought this suit in equity, the object of which was to obtain an order for the appointment of a receiver and a further decree for an accounting between plaintiff and said association, and that in said accounting plaintiff be charged with $1,400 and lawful interest thereon and credited for all money paid to it, etc.

The plaintiff's petition contained an allegation to the effect that during the period of 108 months which said note had been running he had paid in dues, interest, premium and fines, an amount far in excess of that due on his note. There was a further allegation charging said association with exacting usurious interest and that it had been grossly mismanaged and was insolvent.

The answer was a general denial. There was an allegation therein contained to the effect that the said loan was regularly awarded to plaintiff by said association and for which he bid a monthly premium of fifty cents upon each share in open and fair competition with other borrowing stockholders; that plaintiff borrowed

the said sum of $1,400 for which he executed his said note payable in monthly installments of $19.84, etc.

There was a trial before the court which resulted in a finding and decree that plaintiff was indebted to said association in the sum of $156.39, and that said deed of trust be foreclosed, etc. It was also decreed that said association pay the costs of this suit except the cost of subpoenaing plaintiff's witnesses and their attendance, which should be paid by said association. The other issues made by the pleadings were impliedly found for the association.

There is disclosed by the record a very marked and irreconcilable conflict in the testimony, and therefore we may with propriety defer to the finding of the trial judge.

The plaintiff claims that the association had in vogue a rule that no bid for its funds available to borrowing stockholders would be accepted at less than twenty-five cents a share per month. It is quite well settled that the directory of such an association as this can not fix a minimum premium for preference of loan under which a member may not borrow. Brown v. Archer, 62 Mo. App. 290, and other cases cited in plaintiff's brief. It follows that such an association can not charge a fixed premium without competition among the members, and if it does so, such premium is unauthorized and usurious.

But the difficulty here in the way of the plaintiff's theory is that the evidence is quite variant as to whether or not such minimum rule ever existed at all, or, if so, whether or not it was ever put in operation where a stockholder was a bidder for a preference of loan; but however this may all be, it seems to be an indisputed fact that no such rule was observed by the association when plaintiff's bid was made and received. On the contrary, it appears that plaintiff's bid was as much as fifty cents per month on each share. Even if the plaintiff's bid was started at the minimum of twenty-five

cents, it was increased until fifty cents was reached, when the amount bid for was stricken off to him at the latter bid.

It has been held that if a by-law does fix an amount below which no bid will be received and a borrower bid over that amount, even though no one else bid, he will be bound and the loan will not be deemed usurious. Thornton & Black. on B. & L. Assn., sec. 229. And it has been held further that if a purchase of a loan is made upon competition in bidding beyond the minimum premium fixed, the purchaser can not complain of the fixed premium, because of the rule of the association. Stiles. v. Appeal, 95 Pa. St. 122; Albright v. Lafayette B. & L. Assn., 102 Pa. St. 1. c. 424; Orangeville Mut., etc., Assn. v. Young, 9 W. N. C. (Pa.) 251; Brightley's Dig., 2998. The evidence in the present case shows that on the occasion of the sale of the money which was bid for by the plaintiff there was competition in the bidding and that the transaction was in all respects open and fair and conducted in conformity to the rules and regulations of the association. There was no element present in it that would render it usurious. The plaintiff claims that he should be accorded a credit for one-half of the premium he had paid. It appears that in 1893 the association issued to him a warrant for $42 in full of all demands for return premium which was accepted by his agent and credited on the plaintiff's note. When confronted with this warrant at the trial the plaintiff claimed that he had not before been advised of this transaction of his agent although it was entered on his pass-book when it took place seven years before. He denied the agent's authority. He did not offer to return the money; and besides this, the inference is not an unfair one that he had been previously apprised of the transaction. Under the circumstances he ought to be estopped to further complain of the retention of the premiums by the association. Cover v. B. & L. Assn., 93 Mo. App. 302.

The association had notified the plaintiff and its other stockholders that it would not after a certain date —that of the warrant—pay to borrowers one-half of the premiums, and with this understanding the amount of prior premiums paid and specified in the warrant was received. This amounted to an implied consent of the plaintiff to the proposition to thereafter withhold the payment of one-half of the premium paid. But it seems that the plaintiff was allowed by the trial court a part of the premiums claimed to be withheld, but what part of it or on what account we are unable to determine by reason of anything contained in the record.

The charge made by the plaintiff that the directors as borrowers fared better than other stockholders, we do not think is sustained by the evidence. Nor do we discover anything in the record to justify the conclusion that the directors were guilty of any breach of trust calling for the interference of a court of equity.

The plaintiff complains that the association charged him with monthly interest on his loan the sum of $8.34, while the correct amount was $8.33 1-3. It would seem that this "vulgar fraction" was to that extent in excess of the lawful rate. It may be that this amount was included in the allowance made by the trial court but whether so or not we would hardly feel authorized to disturb the decree on that ground. *De minimis non curat lex.*

It appears that the premiums received by the association were far from uniform, but varied from time to time accordingly as money was plentiful or scarce, or as the rate of interest varied in the country; but we find nothing in the entire record of the association as presented to us to influence the conviction that the association engaged in the extortion of usury or other illegal exactions from any one or all of its stockholders. Nor is there any evidence tending to show it to be in a state of insolvency, or anything in its condition that would justify the appointment of a receiver. In view of the

character of the evidence already stated, we feel it to be our duty to defer to the finding of the circuit court.

The trial court in the exercise of its equitable jurisdiction had the right to apportion the cost in the manner it did, as already stated.

We think the decree should be affirmed, and it is so ordered. All concur.