BOATMEN'S NATIONAL BANK OF ST. LOUIS, a Corporation, as Trustee Under Last Will and Testament of HUGH W. THOMASSON, Deceased, v. GRACE CAROLINE FLEDDERMAN et al., Defendants, and STEPHEN C. ROGERS, Appellant.—No. 38760.—179 S. W. (2d) 102.

Division Two, April 3, 1944.

---

764

*Jerome F. Duggan* for appellant.

*Franklin E. Reagan* and *Lehmann & Allen* for respondent.

BOHLING, C.—The Boatmen's National Bank of St. Louis, a corporation, as trustee under the last will and testament of Hugh W.

Thomasson, deceased, instituted this action to quiet the title (Sec. 1684, R. S. 1939) to certain real estate in the City of St. Louis, owned by Hugh W. Thomasson during his lifetime. The decree was for the plaintiff throughout. Stephen C. Rogers, one of the defendants, prosecutes this appeal from that portion of the decree holding void and of no force and effect against plaintiff a deed of trust and the $125,000 principal amount of notes secured thereby, Mr. Rogers holding $43,000 or $44,000 of said notes, the portion of the decree by which he was aggrieved. Mr. Rogers did not bring up the testimony. He states the appeal involves the record proper and certain documents, motions, proceedings, rulings and exceptions, exclusive of the testimony. He contends, principally, the court erred in overruling his demurrer to plaintiff's bill; in failing to decree the suit barred by the statute of limitations; in not disposing of all issues presented; in finding facts first set up in plaintiff's reply; and in the assessment of costs.

Plaintiff's petition is lengthy. Many parties were named as defendants and particular allegations affecting various parties are set out. We shall endeavor to limit this review to matters in which defendant Rogers is legally interested. A number of cases involving the Hugh W. Thomasson, deceased, estate have been before this court.* One, Rogers v. Boatmen's Natl. Bk., 346 Mo. 911, 144 S. W. (2d) 79, involved a demand against Thomasson's estate by defendant Rogers for attorney fees and expenses. The allegations in plaintiff's petition affecting Rogers are in harmony with the facts stated in detail in said case. We therefore outline only the portions of the petition material here and refer the reader to the cited case for greater detail of the facts. The petition alleged that prior to July 25, 1930, Thomasson was the owner in fee of the real estate in question; that he died testate on January 28, 1933, and by his last will and testament, duly probated, devised the real estate to plaintiff in trust for the purposes in said will set forth, that plaintiff is the owner of said property in fee, and that each of the named defendants claim some interest in the real estate adverse to plaintiff's title. Subsequent allegations in the petition undertake to state in detail the claims of the various defendants as known to plaintiff. These allegations were to the following effect: Thomasson in 1930 was seventy-four years of age, weak of will, easily influenced, and the victim of one Grace Mahood (an adventuress living through the entrapment and defrauding of persons of the opposite sex), who conspired with others to defraud Thomasson of his property. Grace Mahood's undue influence and duress over Thomasson is alleged to have brought about the several transactions hereinafter set out. An alleged fictitious

*Laughlin v. Boatmen's Natl. Bk. (Mo.), 163 S. W. (2d) 761, 763, cites a number of the earlier cases. See also Young v. Boatmen's Natl. Bk., 350 Mo. 1157, 171 S. W. (2d) 553.

marriage between Grace Mahood and Thomasson is alleged. Thomasson employed Rogers to annul said marriage and Rogers instituted suit for that purpose. She kidnapped him in January, 1931, and caused him to direct letters to Rogers discharging him and directing the dismissal of the annulment suit. Rogers refused to dismiss in the absence of his client. Having failed, Grace Mahood on January 26, 1931, caused Thomasson to convey the real estate involved to John F. Zesch, a straw party, who immediately reconveyed to Grace Mahood, she being named in said deed as Grace Thomasson. Rogers upon learning of said transaction instituted suit in the name of Thomasson against Grace Mahood to set aside the deeds and for the appointment of a receiver to take charge of said property in order to prevent Grace Mahood obtaining the rents therefrom. Grace Mahood's attempts to have Rogers dismiss said suits were unsuccessful. She then caused Thomasson to go through a second marriage ceremony on February 23, 1931, falsely representing to Thomasson that such procedure was necessary to obtain relief from the suit aforesaid. On February 25, 1931, she caused Thomasson to join her in conveying the real estate to John F. Zesch, who immediately thereafter reconveyed the property to Hugh W. Thomasson and Grace Caroline Thomasson, his wife; this, to give color to her being the wife of Thomasson and to defeat the receivership suit. Rogers, although unable to contact Thomasson, amended his pleadings to include the second marriage and, upon hearing, obtained the appointment of a receiver, tying up the rents, and refused to dismiss said suits. Rogers' associate counsel withdrew, leaving Rogers as Thomasson's sole attorney. Rogers caused a bankruptcy petition to be filed against Thomasson that he might further tie up Thomasson's property. Grace Mahood, acting in concert with others, entered upon negotiations with Rogers to dispose of all litigation and succeeded in having Rogers withdraw from the litigation by giving him $44,000 in notes secured by a deed of trust (hereinafter referred to) upon the property aforesaid. The bankruptcy proceedings were dismissed. Robert B. Denny was thereupon employed by Grace Mahood and entered his appearance, and dismissed the annulment and receivership suits. On August 1, 1931, Thomasson and Mahood (as Grace Caroline Thomasson) executed a deed of trust and notes; the deed of trust running to one Wm. H. Tegethoff as trustee for E. J. Smith to secure the payment of $125,000, principal amount, of notes. Rogers, among others, holds some of these notes. The deed of trust and the notes constitute a cloud on plaintiff's title to said real estate. Other material allegations are set out hereinafter in connection with particular ▌ issues. The prayer, among other things, was to the effect "that each and every one of said deeds, conveyances in trust, deeds of trust, and assignments" set out in the petition be declared null and void and be cancelled; and "each and every one of the said notes secured by the said deed of

trust specified in this petition be delivered up and cancelled so far as Hugh W. Thomasson's signature appearing thereon is concerned and that the same be adjudged and decreed not to be secured by any lien upon the real estate above described"; together with a prayer to "finally determine any and all rights" et cetera of any and all parties concerning or affecting the real estate et cetera, and for all other proper relief, general, or special.

Defendant Rogers' demurrer alleged (a) "thất there is a defect of parties plaintiff"; and (b) "that the petition does not state facts sufficient to constitute a cause of action against this separate defendant."

Section 1684, R. S. 1939, of our civil code, reads "any person claiming any title . . . in real property, . . . legal or equitable, certain or contingent, present or in reversion, or remainder, . . . may institute an action against any person or persons having or claiming to have any title . . . in such property . . . to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge . . . the title, estate and interest of the parties severally in and to such real property." See also Sec. 1685, R. S. 1939. Section 850, R. S. 1939, provides: ". . . a trustee of an express trust . . . may sue in his own name without joining with him the person for whose benefit the suit is prosecuted." The bill alleged that Thomasson was the owner of the real estate during his lifetime; that he died testate and devised the real estate in trust to plaintiff for the purposes set forth in his last will and testament, duly probated; and that plaintiff "is the owner of said property in fee." The petition stated a cause of action in plaintiff—a specified title in plaintiff by reason of testator's devise. Cullen v. Johnson, 325 Mo. 253, 271, 29 S. W. 2d 39, 46[7]; Crawford v. Arends (Banc), 351 Mo. 1100, 176 S. W. 2d 1, 3[3]. In such circumstances: "The court ascertains and determines the rights of the parties under the pleadings and evidence, grants such relief as may be proper, and determines the better title, as between the parties to the proceeding, though a title superior to the rights of either may be held by a stranger." Johnson v. McAboy, 350 Mo. 1086, 1090[3], 169 S. W. 2d 932, 934[4]; Titus v. Tolle, 284 Mo. 175, 178(I, II), 223 S. W. 885, 886[1, 2]. The beneficiary of the testamentary trust and the executor of the estate of Thomasson, deceased, may have been proper parties plaintiff; but they were not necessary parties plaintiff to quieting the title to this real estate. See also Aubuchon v. Lory, 23 Mo. 99; Chambers v. Wright, 40 Mo. 483, 485; McQuitty v. Wilhite, 218 Mo. 586, 593, 117 S. W. 730, 732, 131 Am. St. Rep. 561; Spicer v. Spicer, 249 Mo. 582, 598(III), 155 S. W. 832, 836[8], Ann. Cas. 1914D, 238.

Plaintiff's bill also alleged that the defendants named above, which included defendant Rogers, "claim some title, estate or interest

in and to all said real estate, the nature and character of which claims are unknown to the plaintiff and cannot be described herein except as the claims of various defendants hereinafter set forth and described''; and that each of said claims was adverse and prejudicial to plaintiff and plaintiff's title. This was followed by particular allegations with respect to certain of the defendants, including defendant Rogers as hereinabove set forth. These particular allegations charge with respect to Rogers that he was claiming certain of the $125,000 in notes secured by the deed of trust on the real estate involved; that the said deed of trust and notes were the result of undue influence and duress practiced upon Thomasson and were without consideration and no defendant obtained any title or interest in the real estate by reason of said deed of trust and notes, and that the deed of trust constitutes a cloud upon plaintiff's title. The petition also charged Grace Mahood and Wilfred Jones, who was assisting her in her unlawful conspiracy to defraud Thomasson of his property, succeeded in causing defendant Rogers ''to withdraw from the litigation by giving him'' the notes aforesaid. Plaintiff's primary cause of action was to quiet and determine the title. Other relief asked in plaintiff's petition was incidental thereto. If, perchance, plaintiff's prayer overreached in some respects the relief to which plaintiff was entitled, equity, under the prayer for general relief, had ▮▮ jurisdiction to grant that relief proper under the pleadings and the proof. Merz v. Tower Grove Bk. & Trs. Co., 344 Mo. 1150, 1168, 130 S. W. 2d 611, 621[20]. The petition stated a cause of action against defendant Rogers under the quiet title statute. Wm. H. Johnson Timber Co. v. Belt, 329 Mo. 515, 46 S. W. 2d 153; Baker v. Lamar (Mo.), 140 S. W. 2d 31; and cases supra. Consult Rogers v. Boatmen's Natl. Bk., 346 Mo. 911, 144 S. W. 2d 79.

The foregoing disposes of the issues presented to the trial court by defendant Rogers' demurrer. His brief undertakes to raise additional grounds of demurrer. Upon examination, we consider none well taken; but do not discuss them because they are not here for review, not having been presented nisi.

Defendant Rogers' answer contained a cross bill, asking for affirmative relief; viz., broadly: that he be decreed a holder in due course of the $43,000 in notes; that they be decreed secured by the deed of trust on the real estate involved; that the deed of trust be foreclosed and his said notes paid out of the profits therefrom and for general relief. We need not detail the allegations. Plaintiff filed a reply, setting up affirmative defenses to defendants' cross bill.

▮▮ Plaintiff instituted this suit in equity August 20, 1937. Rogers' answer set up the making, execution, and delivery of the $125,000 deed of trust and, principal amount, notes on August 1, 1931, and ''that the purported cause of action . . . accrued more than five years before the filing of the petition herein and is barred

. . ."; a general attack upon plaintiff's bill. His brief here says the suit is "absolutely barred by Sec. 1007," R. S. 1939, Thomasson having died January 28, 1933. We think, in any event and for a number of reasons in the circumstances, error is not established. We understand Rogers cites Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 953, 2 S. W. 2d 771, 774[8], and Re Thomasson's Estate, 350 Mo. 1157, 1176, 171 S. W. 2d 553, 563[21], on the theory title to real estate was not involved and the five year statute relating to personal actions applied. We have hereinabove held the suit presented a controversy between the plaintiff and Rogers with respect to the title to real estate. Haarstick v. Gabriel, 200 Mo. 237, 244, 98 S. W. 760, 762(1), states that Article 8 of Chapter 6, "limitations—real actions" and not Article 9, "limitations—personal actions," R. S. 1939, govern actions to determine and quiet title to land. Section 1007 authorizes, broadly, successors in interest of one dying under disability in certain circumstances to commence an action within three years after such death, and has been expressly held to extend the original statutory time for the commencement of the action to three years after death and not to shorten said time; for instance, if the original time be ten years and the one under disability die at the end of the first year after the accrual of the cause of action, his successors in interest are not restricted to the three years after his death but have the nine years remaining of the original time. Rutter v. Carothers, 223 Mo. 631, 646, 122 S. W. 1056, 1061; Hubbard v. Keen, 297 Mo. 29, 39(II), 247 S. W. 1000, 1003[4, 5], relied on by Rogers, involved distinguishing facts.

Rogers asserts the court erred in failing to dispose of an issue presented in his answer with respect to a $4027 note of Thomasson allegedly delivered to Rogers January 16, 1931, in evidence of an indebtedness for moneys advanced and professional services rendered by Rogers to Thomasson, which note, he alleged, was part of the consideration for and was surrendered when he received the notes secured by the deed of trust of August 1, 1931, the said $4027 note never having been paid or returned to him. Plaintiff's reply did not admit any averments of Rogers' answer. It was a denial of his asserted rights and, in addition, set up certain affirmative defenses thereto. This is a suit in equity and cases like Liepman v. Rothschild, 216 Mo. App. 251, 256, 262 S. W. 685, 686[3], an action at law, are not necessarily applicable. The decree is lengthy, going into detail with respect to many matters. Whatever issue, if any, was presented by Rogers' answer as to the $4027 note was sufficiently disposed of by the general finding of "all the issues in the case for the plaintiff and against all of the defendants," and the decree conforming thereto. Stevens v. Fitzpatrick, 218 Mo. 708, 721, 722, 118 S. W. 51, 55(1). Rogers has presented no evidence for overturning this finding.

In Rogers v. Boatmen's Natl. Bk., 346 Mo. 911, 918, 144 S. W. 2d 79, 83, a $35,000 judgment for Rogers on his $63,416.58 demand in the probate court against the Hugh W. Thomasson, deceased, estate for legal services, including expenses therein incurred, was reversed. The holding was that Rogers had received more than the expenses claimed and was not entitled to recover for professional services because his acts constituted a voluntarily abandonment of the task he had undertaken; the law being that "if a lawyer unjustifiably abandons his client's case before his task is accomplished, he is not entitled to any compensation whatever." The record in that case, upon examination, discloses that Rogers there alleged that the notes secured by the deed of trust of August 1, 1931, and delivered to him "were received as collateral security for the payment of claimant's fees against said deceased;" that is, $40,000 as security for fees and $4,000 as security for expenses. If Rogers had no legal claim against the Thomasson estate for professional services or expenses, the collateral received by him to secure its payment constituted no valid claim against said estate or the property thereof mentioned in the deed of trust securing said collateral. The instant decree nisi is in harmony with the holding in Rogers v. Boatmen's Natl. Bk., supra. Having no case on the merits he is hard put to establish prejudicial error.

Complaints of a general nature are made against the decree. Rogers' answer included a cross bill asking for affirmative relief. His complaint of the decree finding facts in conformity with affirmative defenses in the reply to his cross bill is without merit, as such finding might well serve to defeat his cross bill. His assertion that decreeing injunctive relief was not within the issues ignores the prayer for general relief. He does not undertake to establish that such relief was not consistent with plaintiff's bill or beyond its general prayer for relief. Consult Muenks v. Bunch, 90 Mo. 500, 507, 3 S. W. 63, 64; Rains v. Moulder, 338 Mo. 275, 284, 90 S. W. 2d 81, 85.

Portions of the decree having naught to do with issues involving Rogers are questioned in his brief; such as the decree with respect to Thomasson's marriages in Illinois et cetera. The parties who should be aggrieved thereby are not here complaining. Rogers may not successfully urge such issues for reversal. Wall v. Nay, 30 Mo. 494, 497; Jennings v. First Natl. Bk., 225 Mo. App. 232, 242, 30 S. W. 2d 1049, 1054[16]; Hall v. Goodnight, 138 Mo. 576, 590, 37 S. W. 916, 919. Secs. 1189, 1186, 1184, R. S. 1939.

Rogers complains of the assessment of the costs against him and certain other defendants. Plaintiff makes the points that Rogers' brief does not assign error in the assessment of the costs against him and that assessing the costs against him was proper. We think Rogers' brief sufficiently presented the issue. Assignments may be aided by the points and authorities. Coffey v. Higbee, 318 Mo. 10,

14, 298 S. W. 766, 767[1]; Streicher v. Mercantile Trs. Co. (Mo.), 31 S. W. 2d 1065, 1067[1]. Thus aided, it is clear that Rogers was contending that plaintiff should pay the costs in certain circumstances and complaining of a modification of the decree with respect to costs.

Section 1686, R. S. 1939, explicitly provides that if a defendant in a quiet title suit "make default, or appearing, shall by answer admit the fact as stated in the petition and consent to judgment as prayed for" the plaintiff shall pay the costs. From the recitals in the decree certain of the costs fall within the quoted provisions; and the costs as to such defendants should be assessed against plaintiff and not against Rogers. Courts of equity have the inherent and discretionary power to award costs nisi (Davis v. Cohn, 96 Mo. App. 587, 590, 70 S. W. 727, 728; Kittredge v. Chillicothe L. & B. Ass'n., 103 Mo. App. 361, 368, 77 S. W. 147, 149; McDermeitt v. Kessler, 240 Mo. 278, 290, 144 S. W. 414, 417[4]) and upon appeal (Roll v. St. Louis & Col. S. & M. Co., 52 Mo. App. 60, 68). Equity may apportion the costs between the parties. Plaintiff's bill alleged that each of the several defendants claimed an interest in the whole of the land involved; but several transactions affecting the title were pleaded and the claims of the individual defendants arose out of the different transactions. A decree adjudging all costs against named defendants (as in the instant case against Rogers and others) appears to be harsh; as, equitably, a litigant, in the circumstances presented, should not be required to pay costs directly attributable to transactions concerning others only. Some effort within reasonable limits should be made to allocate the costs in such instances and relieve parties unconcerned with portions of the costs from liability therefor. Consult cases like Turner ▮▮▮ v. Johnson, 95 Mo. 431, 452(9), 7 S. W. 570, 575(9); Berry v. Rood, 225 Mo. 85, 96, 123 S. W. 888, 891. Section 1418, R. S. 1939, is the sequel of Section 17, p. 229, R. S. 1825, which originally provided "that upon the complainant dismissing his bill in equity, or the defendant dismissing the same for want of prosecution, the defendant shall recover against the complainant full costs; and in all other cases in chancery (not otherwise directed by law) it shall be in the discretion of the court to award costs or not, and the payment of the costs when awarded may be compelled by execution." (Consult Sec. 18, p. 244, R. S. 1845.) Section 1418, R. S. 1939, appeared in its present form as Sec. 18, p. 444, R. S. 1855, reading: "Upon the plaintiff dismissing his suit, or defendant dismissing the same for want of prosecution, the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law." Turner v. Johnson, supra, pointed out: "The chief purpose of the change in the phraseology of these sections was to conform them to the nomenclature of the new

code, in which the party complaining is called plaintiff, and the first pleading a petition, both in actions at law and in equity.'' The original decree awarding costs against Rogers and others was subsequently amended under a stipulation between plaintiff and named defendants to the effect that in consideration of said defendants not perfecting any review proceedings et cetera their names should be stricken and expunged from the paragraph assessing costs against them; the decree in other respects, including said paragraph as to costs, to remain as originally entered. This left less than ten of over a hundred defendants to bear all the costs, including costs created solely for the benefit of others. It seems inequitable to thus shunt all costs over and against a few defendants. A plaintiff purchasing his peace might well be required to bear a just portion of the costs under the facts. A court of equity has discretion in the matter.

The decree is reversed with directions to reassess the costs. The decree is well enough in the other respects reviewed. *Westhues, C.,* concurs and *Barrett, C.,* absent.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.