KAHOIWAI, LAELAE, MALAEA, and KELIIKIPI, her husband, *v.* LIMAEU, W. R. CASTLE, Trustee; LAI KIU and AH FOO.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPT. 21, 1896.     DECIDED NOVEMBER 11, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Where a statute establishes a special action in certain courts, the complaint, following the statute, is not demurrable on the ground that another form of action may be more effectual.

Under the statute "to provide for the quieting of a title, estates and interests in real property," (Chap. 18 of the Laws of 1890) it is not necessary to state whether plaintiffs are in or out of possession, nor is it essential to make all persons who claim an interest in the land parties.

When both parties agree in open court that a certain interest in the land is valid and unquestioned and not in issue, it need not be submitted to the jury.

Action was brought at the last August term of the Circuit Court, First Circuit, under the statute "To Provide for the Quieting of Titles, Estates and Interests in Real Property," being Chap. 18 of the Laws of 1890.

Section 1 provides that "action may be brought in the Supreme Court or in any of the Circuit Courts, by any person, against another person who claims adversely to the plaintiff an interest or estate in real property, for the purpose of determining such adverse claim."

Sec. 2. "Any person may be made a defendant in such action who has or claims an interest in the property adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved."

Sec. 3. "If at the time of the commencement of such action the property in question is in the possession of a tenant, the landlord may be joined as a party defendant."

Sec. 4. "If in such action the defendant disclaims in his answer any interest or estate in the property, or suffers judgment to be taken against him without answer, the plaintiff shall not recover costs."

The complaint alleges that the plaintiffs Kahoiwai, Laelae, Malaea and her husband, Keliikipi, are entitled in fee simple to certain lands described in an annexed schedule, and to the immediate use and possession of the same, and that Limaeu, W. R. Castle, trustee, Lai Kiu (w) and Ah Foo, defendants, claim said property adversely, and are necessary parties to the complete determination and settlement of the question involved herein. And plaintiffs pray that the defendants may be summoned to appear and answer, and be required to set up any adverse claims that they may have in or to the said property or any part thereof, and that the title to said property may be quieted and plaintiffs' ownership in fee simple of the same may be confirmed.

The defendants interposed a demurrer, which was overruled,

and the case went to trial before a jury, who rendered a verdict for plaintiffs and awarded to Limaeu, defendant, one-half of the property at Kailua (Royal Patent 2446), and of the property at Kalia, Waikiki, containing 2½ acres, subject to a lease to Ah Foo, and to Lai Kiu one-half of the property described in Land Commission Award 32 F. L.

The case comes to us upon exceptions, first, to the overruling of the demurrer. The demurrer submitted that "the Court has no jurisdiction of the subject of the action, the cause of action, if any, being cognizable only in a court of equity."

"That the complaint does not state facts sufficient to constitute a cause of action, in that plaintiffs do not allege that they are the owners of the land in question, or that they are in possession thereof, or that said land is in the possession of a tenant."

"That the complaint is ambiguous and uncertain."

We answer the first ground of demurrer as follows: Although equity has cognizance of suits to quiet title in lands with more extensive and complete powers, the legislature has seen fit to confer upon certain law courts this special right of action. The existence of a remedy in equity does not affect the right of the plaintiffs to choose and pursue the statutory remedy. We are not to consider the effectiveness of the statutory remedy, or whether some other form of action would be better suited to this case, provided plaintiffs here have substantially followed the statute.

So, also, on the second ground of demurrer, that the complaint does not state that plaintiffs are in possession of the land, &c., our answer is that the statute does not limit this remedy to persons in possession. It is altogether silent upon this matter, and presumably the action may be brought by persons in possession or out of possession. Whether in the latter case possession can be obtained except by a writ in an ejectment suit is not before us for consideration.

The complaint follows the statute and is not "ambiguous nor uncertain."

The second ground of exception arises on a motion for non-suit because the plaintiffs' evidence disclosed the existence of

two other parties, Anakalea and Nahiapo, presumably having interests in the property, according to their established relationships, and they were not made defendants. The Court held that they were not necessary parties. The non-suit was properly refused. The statute does not require that all parties who have or claim an interest in the land must be made parties. The plaintiff by the statute may proceed against any person who claims adversely and whose claim he desires to have determined. Persons who have interests or titles in the land, not being made parties, are not bound by this adjudication. This is a sufficient answer to this exception. The statute says (Sec. 2) persons who are necessary parties to a complete determination and settlement of the question involved *may* be made parties, but the plaintiff's remedy, whatever its value may be, is not imperiled by their absence.

The defendant excepts to the charge in that it did not refer to the interest of W. R. Castle, trustee, who holds a certain mortgage upon the property, nor submit the same to the jury to be passed upon, and that it was not passed upon by them. But the bill of exceptions shows that it was admitted at the trial that the mortgage in question was a valid lien on a portion of the property in question, and that Mr. Castle's rights were not in issue and were to be considered as out of the case. This being so, the Court could not, as it did not, submit this matter to the jury. No other portions of the charge are specifically excepted to.

The exceptions are overruled.

*A. G. M. Robertson*, for plaintiffs.

*Magoon & Edings*, for defendants.