HAKALAU PLANTATION COMPANY, LIMITED, *v.* W. Z. KAHUENA, Administrator of the Estate of S. E. Kahuena, deceased, Kuakea, Elemakule and Kalili.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED MARCH 7, 1902.          DECIDED APRIL 16, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An answer of general denial (Civ. L., Secs. 1223-4) in an action to quiet title (Civ. L., Secs. 1773-6) does not operate as a disclaimer—either as amounting to a specific denial of the plaintiff's allegation that the defendant claims adversely, or as not setting forth specifically the defendant's adverse claim.

The usual code specific answer distinguished from the general denial under our statute which permits "any matter of law or fact whatever" to be given "as a defense in any civil action."

Under either the code specific denial or our general denial, a defendant
in an action to quiet title may, if he does not disclaim, at least
put the plaintiff to the proof of his (plaintiff's) claim; and under
the general denial under our statute he may also prove his own
claim without specifically pleading it, although as a rule he cannot
do so under the code system of pleading.

### OPINION OF THE COURT BY FREAR, C.J.
#### (Galbraith, J., dissenting.)

This is a statutory action to quiet title under Civ. L., Ch. 113.
The plaintiff alleged, as is usual in such cases, (1) that it had
title, (2) that the defendants claimed adversely and (3) that
their claim was unfounded. The defendants answered with a
general denial. The Circuit Court, holding that this answer
amounted to a disclaimer and that it put the defendants out of
court, allowed the plaintiff to prove its case, and not only did not
permit the defendants to prove any adverse claim, but refused
to permit them to controvert the plaintiff's claim by objecting
to the plaintiff's offered evidence or otherwise, and finally in-
structed the jury to find for the plaintiff.

The question now raised on defendant's exceptions is, what
was the effect of their answer of general denial? It is contended
that that answer amounted to a disclaimer for two reasons: (1)
because it operated as a specific denial of the allegation in the
complaint that the defendants claimed adversely and (2) because,
from the nature of an action to quiet title, the defendant must
in answering either disclaim or set out his claim, and that if he
does not do the latter he must be taken to have done the former.
We cannot sustain either contention.

As to the first proposition—the effect of a general denial in a
case of this kind as a mere question of pleading—two classes of
statutes must be distinguished. First, the usual provisions in
the code states, which require that the answer shall contain (1)
a general or specific denial of each material allegation of the com-
plaint controverted by the defendant, or any knowledge or infor-
mation thereof sufficient to form a belief; (2) a statement of any
new matter constituting a defense or (3) counter-claim, in or-

dinary and concise language without repetition; and, secondly, provisions, such as are found in our statutes, which provide merely for an answer "denying the truth of the facts stated in the petition" and that under such an answer "the defendant may give in evidence, as a defense to any civil action, any matter of law or fact whatever." Civ. L., Secs. 1223, 1224. The code system is essentially one of specific pleading. It contemplates all sorts of answers to meet the various cases, with a view to apprising the plaintiff of the precise claim of the defendant. It requires a denial of each material allegation of the complaint controverted, and if a general denial is made it is only for convenience when every material allegation of the complaint is controverted, the general denial being regarded as a specific denial of each material allegation. Under a denial, whether general or specific, only the truth of the allegations made can be controverted. Many matters though properly defenses cannot be set up unless they go strictly to deny the truth of the allegations made, as, for instance, the statute of limitations or payment, these being regarded as "new matter" which must be specially set up. Moreover, under the codes, the answer is generally required to be under oath and must therefore be particular so that perjury can be assigned on it if false in any respect. See, in general, Bliss, Code Pl., Ch. XVI *et seq.* Under statutes like ours, however, there is but one form of answer provided for, a general denial, whether others are permissible or not, and it is expressly provided that under it any matter of law or fact whatever may be set up by way of defense. It need not be and in practice is not under oath. It is intended to be and is in practice used merely as a means of denying the plaintiff's right of action and the defendant's liability generally, and not as denying each allegation of the complaint specifically. In this respect it is much like the general issue, as the latter gradually grew to be at common law, so far as the matters that can be set up under it are concerned. Accordingly many matters can be set up under it, such as the statute of limitations and payment, which, as we have seen, can not as a rule be set up under the codes

unless specially pleaded. It is true, notice must, or at least formerly had to be given here of these defenses, but that was not under the statute but by rule of court. It is true also that a set-off can not be set up under a general denial, but that is because it is not a matter of defense to the claim sued on but rather in the nature of a cross-complaint. *Lopez v. McChesney,* 10 Haw. 225, 226.

Not a single authority has come to our notice holding under either of the two classes of statutes above referred to, that a general denial operates as a disclaimer, when the complaint contains an allegation that the defendant claims an interest. The statute in California is of the first class. Under that, in *Elder v. Spinks,* 53 Cal. 293, the majority of the court held that the allegation that defendants claimed an interest was not material and that therefore the general denial was not a disclaimer, while the minority held that the allegation was material and that the general denial put it in issue but nevertheless held with the majority that the general denial did not operate as a disclaimer. The statute in Indiana is of the other class. In *Ratliff v. Stretch,* 117 Ind. 526, which was an action to quiet title under a statute similar to ours, the court held that it was harmless error to sustain a demurrer to certain affirmative answers that were set up in addition to a general denial, for the reason that, as the action was one "to quiet title, all defenses, both legal and equitable, could have been given in evidence under the general denial," citing previous Indiana cases to the same effect.

The other contention, that the defendants put themselves out of court as if they had filed a disclaimer, merely because they did not affirmatively and specifically set up their adverse claim, if they had any, while at first thought equally surprising with the first contention in view of the past practice here, presents a question of considerable difficulty in view of the authorities elsewhere. On this question courts elsewhere seem to have taken all sorts of views, in many instances reversing themselves. We need not consider cases elsewhere that have been overruled or cases in which there were express or clearly implied actual dis-

claimers, though accompanied with affirmative answers that were
held bad as matter of law.   The question is, what are the rights
of a defendant in an action of this kind under an answer of gen-
eral denial?   It must be conceded that *Wall v. Magnes*, 17 Colo.
476, (See also *Weston v. Estey*, 22 *Id.* 334) is a strong case to
the effect that under a statute somewhat similar to ours, a de-
fendant cannot, in an action of this kind, even put the plaintiff
to his proof without first pleading himself the nature of his own
adverse claim.   But there are some considerations that weaken
the force of that decision and others that distinguish it from the
present case.   In that case, the statute, unlike ours, gave a right
of action only to one in possession.   The court looked upon the
statute as merely recognizing the familiar chancery proceeding
by one in possession to quiet title and based its opinion largely
on the practice in equity.   There was but one form of action
for law and equity cases in that state.   The specific answer
usually required in the code states was required in that state.
The authorities relied on in that case were mostly in the form
of *dicta* found in cases that held that the plaintiff need not set
forth the defendant's claim in order to require the latter to
answer.   The court also failed to distinguish between cases in
which the answer contained a disclaimer and those in which the
answer merely did not set up the adverse claim affirmatively.
The authorities relied on were United States, Missouri, Califor-
nia and Indiana cases.   But there is much to be found in cases
in all those jurisdictions, to say nothing of others, that goes to
show that where there is not a disclaimer the defendant may still
insist at least on the plaintiff's making out his own case.

In one of the United States cases, *Stark v. Starrs*, 6 Wall.
402, the court said:

"We do not, however, understand that the mere naked posses-
sion of the plaintiff is sufficient to authorize him to institute the
suit, and require an exhibition of the estate of the adverse claim-
ant, though the language of the statute is that, 'any person in
possession, by himself or his tenant, may maintain' the suit.   His
possession must be accompanied with a claim of right, that is,
must be founded upon title, legal or equitable, and such claim or

13–D

title must be exhibited by the proofs, and, perhaps, in the pleadings also, before the adverse claimant can be required to produce the evidence upon which he rests his claim of an adverse estate or interest."

In *Babc v. Phelps*, 65 Mo. 27, the court said:

"Under the statute authorizing the proceeding instituted in this case it is made an indispensable condition to its maintenance that the plaintiff should be in the actual possession of the real property the title of which he seeks to have quieted or settled. It was therefore the right of the defendant to deny, as he did in his answer, the fact of possession alleged by plaintiff in his petition, and possession having been denied an issue was presented, which it was the duty of the court to try before making an order requiring defendant to institute his suit to try his title."

In *Pennie v. Hildreth*, 81 Cal. 127, the court, referring to the contention that an answer of general denial in an action of this kind presented no issue to be tried, said:

"This is based upon the theory that in this class of cases the only course for a defendant to take is to set up affirmatively his adverse claim to the land or disclaim. They cite in support of this position *Tompkins v. Sprout*, 55 Cal. 36; *People v. Center*, 66 Cal. 551. These cases do not support the position taken by the respondent. They simply hold that, in order to maintain his defense on the ground of an adverse claim, a defendant must set up such claim, and that the owner in possession may require the nature and character of the adverse estate or interest to be produced, exposed, and judicially determined. But the basis of his right to require the adverse interest to be produced and adjudicated is his own interest in or ownership of the land. This is the one thing necessary for him to prove in order to make out his case. If it is denied, a material issue is raised, which casts upon him the burden of proving such interest or ownership. Until he does this, the defendant is not called upon to produce or prove his claim. Therefore the general denial put in issue a fact necessary to the plaintiff's recovery, and the demurrer to it was improperly sustained. * * * The correctness of the rule that a plaintiff must prove, under a general denial, either that the defendant claims an interest in the land, or that his claim is unfounded, may be a matter of question; but there is no question in our minds that such an answer renders it absolutely necessary

for him to prove his own title or interest in the land, and that
without such proof he is not entitled to judgment."

See also *Wheeler v. Winnebago Paper Mills,* 62 Minn. 429;
*Sklower v. Abbott,* 19 Mont. 228 (47 Pac. 901). All these
cases were decided under statutes requiring specific answers.
They seem to show that the Colorado case was erroneous in so
far at least as it held that a defendant could not put the plaintiff
to his proof unless he himself affirmatively set up his adverse
claim even though he did not disclaim. It may be that the
weight of authority supports the Colorado case to the extent of
holding that if the defendant does not set forth in his answer his
adverse claim in an action of this kind under the code system
of pleading, he can not set it up at the trial, but, in our opinion,
the weight of authority does not go to the extent of holding, even
under the code pleading, that he cannot, when he has not dis-
claimed, put the plaintiff to his proof. This would seem to be
in harmony with general principles also. For, why should a
party who has no right, title or interest whatever in or to the
land and who perhaps is not even in possession, as he is not re-
quired to be under our statute, be permitted to put another, who
has a claim or an interest, to the expense and annoyance of set-
ting up and proving his claim or interest and perhaps disclosing
what might invite other contests or prejudice him therein? Ac-
cordingly the Circuit Court in this case should at least have per-
mitted the defendants to put the plaintiff to its proof of the alle-
gations the truth of which was necessary to enable it to maintain
its action, and for this reason at least a new trial should be
ordered, with permission to the defendants to amend their
answer, if necessary, in order to enable them to set up their
adverse claim. The defendant was given such leave even in the
Colorado case although no amendment had been prayed or grant-
ed in the trial court.

But under our statutes, need they amend their answer in order
to set up their adverse claim? It may be the better doctrine or
the better practice that defendants should be required, as is often
held under other statutes elsewhere, to set forth in their plead-

ings in actions of this kind their adverse claims in order to be permitted to prove them at the trial, and perhaps this would be a proper subject for a rule of court, but, in our opinion, it is not necessary to do so under our statutes. The statute which provides for actions of this kind does not in terms require it (any more than the statute that relates to actions of ejectment), although it provides that if the defendant disclaims or suffers judgment to be taken against him without answer, the plaintiff shall not recover costs—a very natural and proper provision in a statute of this kind. But there is nothing expressly requiring a defendant to set forth his claim affirmatively in his answer. True, this is so also in most statutes of this kind elsewhere; but, where an affirmative plea has been held necessary elsewhere, the code pleading has prevailed, law and equity proceedings have been united, and proceedings of this kind have been treated largely as recognitions of former equity proceedings. With us, the distinction between law and equity procedure has been maintained, actions to quiet title have been regarded as purely actions at law (*Kahoiwai v. Limaeu*, 10 Haw. 507; *Flores v. Maka*, 11 *Id.* 512) and, what is of special importance, in any law case the answer, under our statute, may be a general denial under which "any matter of law or fact whatever" may be given as a defense. This provision has been regarded as applicable to all law cases and in the absence of any provision to the contrary we feel obliged to hold it applicable to actions to quiet title. This we believe has been the general understanding of the bench and the bar, as shown by the hitherto unquestioned practice. It seems to be the view taken elsewhere also under similar statutes, and this brings us to the Indiana cases referred to above as relied on in the Colorado case. In Indiana we believe there is but one form of action for law and equity cases, as in the code states, but the statute (Rev. Sts., Secs. 1070, 1072) relating to actions to quiet title is similar to ours and, what is of greater importance, the statute (Sec. 1050) relating to the form of answer and what may be shown under a general denial is similar to ours. As shown above, it has been held repeatedly in that state that defendants in

actions of this kind need not set forth their adverse claims in their answers for the reason that they can present any defense under the general denial. We have not found any decision *contra* under a similar statute.

The exceptions that raise the questions above discussed are sustained, the verdict and judgment below set aside and a new trial ordered.

*Hatch & Silliman* for plaintiff.

*Smith & Parsons* for defendants.

### DISSENTING OPINION OF GALBRAITH, J.

The discussion in the majority opinion of the relative shades of difference and the delicate distinctions between code and other systems of pleading and practice is interesting and instructive but I cannot see that it is particularly pertinent to the issue in this case.

The action was brought under the provisions of Chapter 113, C. L. The first section of the statute (1773) authorizes the action to be brought "against another person, who claims adversely to the plaintiff an estate or interest in real property, for the purpose of determining such adverse claim." The clear language of this section leaves no doubt as to the object and purpose of the statute. The next section (1774) provides that any one may be made a defendant "who has, or claims an interest in the property adverse to the plaintiff." The last section (1776) reads: "If in such action the defendant disclaim in his answer any interest or estate in the property or suffers judgment to be taken against him without answer, the plaintiff shall not recover costs."

It is true that the action authorized by this statute is a civil action and is tried on the law side of the docket, still it is a particular kind of civil action and is authorized by a special statute. It has been held by this court that the enactment of this statute did not deprive the equity courts of jurisdiction in suits to quiet title. It was said, "although equity has cognizance of suits to quiet title in lands with more extensive and complete powers, the

legislature has seen fit to confer upon certain law courts this special right of action. The existence of a remedy in equity does not affect the right of the plaintiffs to choose and pursue the statutory remedy. We are not to consider the effectiveness of the statutory remedy, or whether some other form of action would be better suited to this case, provided plaintiffs here have substantially followed the statute." *Kahoiwai v. Limaeu*, 10 Haw. 507, 509.

The provision of the statute which is claimed to authorize the answer of general denial in this action as in ordinary civil actions is found in the general statute relative to practice in courts of record. I contend that this action being authorized by a special statute is an exception to the general rules announced in section 1224, C. L. It is a familiar rule for the construction of statutes where there is a general and a particular law covering the same subject that the special law will be considered as an exception to the general law and will control. Sutherland on Statutory Constructions, Sec. 217. Again the language of Sec. 1224 is general in terms and contains no exceptions, still it is not of universal application in "civil actions." The courts have made exceptions to its application. Payment is a "matter of fact and of defense" but evidence of payment cannot be given under the general denial. (*Piipiilani v. Houghtailing*, 11 Haw. 100.) Again set-off is a "matter of fact and of defense" but evidence of set-off cannot be given under the general issue, it must be specially pleaded. (*Boyd v. Kaikainahaole*, 10 Haw. 456.) These decisions establish the fact that there are exceptions to the application of Sec. 1224 in ordinary "civil actions."

Bearing in mind the object of the statute as expressed in the first section and the provisions of the last section, it seems clear, that only two kinds of answer were contemplated by the "legislative mind in this statutory action to quiet title," to-wit, (1) An answer setting out in detail the nature and character of the defendant's adverse title or claim to the land described in plaintiff's petition. (2) An answer disclaiming any title or estate to the land adverse to the plaintiff. From the very nature of the

action no other answer is permissible. The object of the statute was to authorize a speedy method of trying an adverse claim, either real or imaginary, of an estate or title to land. If the adverse claim was real the first kind of answer would disclose it in detail or if the adverse claim was not real the second form of answer set the doubt at rest by denying that there was any adverse claim and leaving the plaintiff free to have his estate in the land confirmed by the judgment of the court without interference by the defendant: For if the defendant did not have any claim or estate in the land adverse to the plaintiff he had no further interest in the action other than to be protected from costs.

The general denial filed by the defendants was a specific denial of each of the allegations contained in the petition (*Stone v. Oneal*, 36 Minn. 46). It was a specific denial of the allegation that the defendant claimed a title or estate adverse to the plaintiff and, in effect, a disclaimer of such adverse interest. To contend that the general denial put the plaintiff to the proof of all of the material allegations of the petition including the adverse claim of the defendant is untenable and unreasonable. It was by virtue of this alleged adverse title or estate that the defendants were made parties to the suit. When the answer was filed they were no longer parties in interest to the litigation, if they did not claim an estate or interest in the land adverse to the plaintiff, and had no right to contest the claim of the plaintiff for the reason that their rights were not affected thereby. If they had any interest in the land the plaintiff had a right to be informed of the nature of the claim in the answer filed. The prayer of the answer that the defendants be dismissed with their costs seems to strongly support the theory that the attorneys who drafted the answer intended it as a disclaimer. The judgment complained of gave them all the relief asked, i. e., they were dismissed with costs.

It is claimed that the plaintiff did not treat the answer as a disclaimer, for if it had been so treated the plaintiff was entitled to judgment on the pleadings without trial. Admitting this to

be true I do not see what consolation the defendants are entitled to draw from it. If the plaintiff obtained as a result of a trial only that to which it was entitled on motion and without a trial I do not see that the defendants are in any way prejudiced thereby or have any right to be heard in protest against a proceeding that in no way affect their rights.

This conclusion is strongly supported by a decision of the Supreme Court of Colorado and the many cases referred to in that opinion. The statute of Colorado under consideration in that case is very similar to our own. The Court says: "These provisions simply recognize in statutory form the familiar chancery proceeding whereby a party in possession of real property might compel persons claiming adverse estates or interests to come into court, specify the nature of their claims and have them fully and finally adjudicated." *    *    *

"But the very essence of the enlarged statutory proceeding remains the same as it was in equity, viz., to compel one asserting an adverse interest in the property to aver and try such asserted interest. The words employed are: 'An action may be brought *    *    * for the purpose of determining such adverse claim, estate or interest.' No language could more plainly or more forcibly express the leading and controlling object of this legislation." *    *    *

"The statutory proceeding is in this respect unlike the action of ejectment; if defendant does not assert an adverse interest in himself, he cannot be permitted to put plaintiff upon proof of his possession and title." *    *    *

"It is for the defendant, if he relies upon an adverse interest, to plead its nature by answer." *Wall v. Magnes*, 17 Colo. 477, 478 and 479.

It appears that no request was made of the court below for permission to amend the answer. Defendants elected to stand on the general denial and I firmly believe that such answer was properly treated as a disclaimer under section 1776, C. L., and that the exceptions should be overruled.