LAHAINA AGRICULTURAL COMPANY, LTD., A COR-
PORATION, v. A. POAHA, NAIMU, BECKY KA-
AEAE (w), MAHIAI (w), KUPENU NAPALA (w),
KAMAKA (w), LUCY K. SEARLE NEE LUCY K.
KANAULU (w), AND KAIEWA KUANA (w).

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED NOVEMBER 18, 1907. DECIDED NOVEMBER 25, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

ACTION TO QUIET TITLE—*dismissal for misjoinder.*

> In an action to quiet title to three contiguous pieces of land
> against eight defendants where one defendant answered by
> claiming one of the pieces and disclaiming as to the other two
> and five other defendants by disclaiming as to one and claim-
> ing the other two, the granting of a motion to dismiss the action
> for misjoinder of parties defendant and of causes of action is
> erroneous.

OPINION OF THE COURT BY WILDER, J.

Plaintiff brings a writ of error to review the ruling of the
circuit court in dismissing a statutory action to quiet title to
three pieces of land in Lahaina, Maui, against eight defendants.

The complaint alleges that plaintiff owns in fee simple and
is entitled to the possession of three pieces of land in Lahaina,
Maui, each held under a separate award, "being adjacent and
forming one continuous whole," that defendants claim interests
in the property adverse to the plaintiff and are necessary parties,
and that their claims are unfounded and without right. Demur-
rers by six of the defendants having been overruled, one defend-
ant filed a general denial, another defendant filed an answer
admitting her claim to one of the pieces of land and setting forth
her title thereto and denying all other allegations, and four
other defendants filed separate answers each admitting a claim

to the property and denying all other allegations. By stipulation jury was waived and the case was set for trial. On the day of the trial leave was granted to the defendants to file amended answers, five of them admitting their claim to the first and third pieces of land described in the complaint and disclaiming as to the second piece and denying all other allegations, and one defendant admitting her claim to the second piece, disclaiming any interest in the first and third pieces and denying all other allegations. Then before any evidence was taken these six defendants moved that the action be dismissed on the ground of misjoinder of parties defendant and of causes of action, which motion was granted by the court, the contention of defendants being that the effect of the amended answers was to oust the court of jurisdiction.

The ruling of the court was erroneous. Whether there is a misjoinder of parties or of causes of action or both is determined from the face of the complaint and does not entitle defendants to a dismissal of the action after issue is joined. This is an elementary proposition which is applicable to actions of this kind. Of course, if the complaint discloses a misjoinder advantage may be taken of it at the proper time by a proper pleading, in which event, however, plaintiff would be allowed to amend and the action should be dismissed only on his failure so to do. In this case plaintiff alleged that all of the defendants claimed an interest in all of the property, and all of the defendants who appeared and answered expressly admitted that to be true up to the very day of trial, which was almost a year after the action was commenced. That each of them then disclaimed as to some of the property did not require the action to be dismissed and plaintiff be deprived of its right to prove its case any more than if one or more of them had disclaimed as to all of it or failed to answer at all, in which case the only effect would be that plaintiff, under Sec. 2088, R. L., could not recover costs against whoever disclaimed as to all or failed to answer. Defendants seem to think that the difficulty in this case arose from seeking to quiet title to three pieces of land in

one action, but the same difficulty might arise in an action to quiet title to only one piece of land where there is more than one defendant, as one defendant might disclaim as to a part of the piece and another defendant as to another part of the same piece, and yet that would not entitle either defendant or both of them to a dismissal of the action. The contention of defendants, if followed out to its logical end, would only allow one to bring an action to quiet title to one piece of land at a time and against one defendant at a time, which would be clearly unwarranted.

The first case reported after the passage of the statute allowing actions of this kind is *Kahoiwai v. Limaeu,* 10 Haw. 507. That was an action to quiet title to three separate pieces of land on this island, two at Waikiki and one at Koolaupoko, and there were four plaintiffs and four defendants. Three of the defendants filed a general denial and one expressly disclaimed as to two of the pieces. The verdict of the jury, which gave a portion of one piece to one of the defendants and a portion of the other two pieces to another defendant, was upheld by this court. There was no question raised as to the lack of jurisdiction of the court in the matter. Defendants did contend in that case that the evidence disclosed that not enough defendants were joined, but this court held that it was not necessary to make parties all persons who claimed an interest in the property. In this case it is contended that the amended answers show that too many defendants have been made parties, but in our opinion such a contention is without merit.

The judgment of the circuit court is reversed and the case is remanded for further proceedings consistent with this opinion.

*Kinney & Marx* for plaintiff.

*C. W. Ashford* for defendants.