**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000737
31-JUL-2019
12:54 PM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

KUALOA RANCH, INC.,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
KUULEI N. MITCHELL,
Defendant/Cross-Claim Defendant/Appellant,
and
NAHOLOWAA(k) aka NAHOLOAA(k); LAYLA U. KAEHU, et al.,
Defendants/Cross-Claim Defendants/Appellees

NO. CAAP-15-0000737

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0038)

July 31, 2019

GINOZA, CHIEF JUDGE, FUJISE AND REIFURTH, JJ.

OPINION OF THE COURT BY GINOZA, C.J.

This appeal arises from a quiet title action.
Defendant-Appellant Kuulei N. Mitchell (**Mitchell**) appeals from
the "Taxation of Costs as to Defendants Stella R. Maka; Amelia
Gora; Mary Ellen K. Malabey; Layla U. Kaehu; Phoebe P. Lopes;
Madeline L. Maiava; Gail H. Watts; Filsann K. Kamakeaina; Clara

Gonzaga; May Warren; Linda K.H. Kamai; Lily Burke; Kuulei N. Mitchell; Layla U. Burke; Darlene K. Vaai; Lyle K. Rodrigues; Melvin K. Rodrigues; Leilehualani K. Kane; Wincyceslau D. Lorenzo aka Kamehameha VI; and Dawn K. Wasson" (**Taxation of Costs**), entered by the Clerk of the Circuit Court of the First Circuit (**Circuit Court Clerk**) on September 11, 2015, in favor of Plaintiff-Appellee Kualoa Ranch, Inc. (**Kualoa Ranch**) in the amount of $26,088.96. Pursuant to the Taxation of Costs, the Circuit Court of the First Circuit (**Circuit Court**)[1] subsequently entered a Judgement for Costs on October 19, 2015, in the amount of $26,088.96 in favor of Kualoa Ranch and against the twenty defendants identified in the Taxation of Costs, including Mitchell (**Judgment for Costs**).

On appeal, Mitchell asserts that this court should recognize plain error by the Circuit Court in awarding costs in the amount of $26,088.96 against her. Mitchell acknowledges that she did not object to the award of costs in the Circuit Court. Thus, the Circuit Court was not presented with Mitchell's arguments that have been raised on appeal and did not have an opportunity to consider those arguments. However, Mitchell contends and we agree that given the circumstances of this case, equity and fairness require that under the plain error standard we vacate the Taxation of Costs and Judgment for Costs against Mitchell.[2]

We hold that it was plain error to enter the Taxation of Costs and the Judgment of Costs against Mitchell in the amount of $26,088.96 because the existing record clearly demonstrates that: (1) some of the costs taxed against Mitchell were related to defendants against whom default judgment was obtained and thus Kualoa Ranch was required to bear those costs under Hawaii

---

[1] The Honorable Jeannette H. Castagnetti presided.

[2] Mitchell is the only appellant in this appeal.

Revised Statutes (**HRS**) § 669-6 (2016);[3] and (2) significant cost items taxed against Mitchell are unrelated to her involvement in the case, where she was one of over two hundred defendants ultimately identified in the judgment for this quiet title action. We remand for further proceedings consistent with this opinion.

## I. Background

### A. Procedural History Regarding Claims

This case arises from a quiet title action brought by Kualoa Ranch, in which it named one hundred sixty-two defendants in its First Amended Complaint, seeking to establish its fee simple title to three parcels of land at Hakipu'u, Ko'olaupoko, City and County of Honolulu, State of Hawai'i. The three parcels identified in Kualoa Ranch's First Amended Complaint were: "Apana 1 of Land Commission Award No. 6118, to NAHOLOWAA (k), within the land identified as Tax Map Key No. (1) 4-9-003-008" (**Parcel 8**); "Apana 2 of Land Commission Award No. 6118, to NAHOLOWAA (k), within the land identified as Tax Map Key No. (1) 4-9-001-010" (**Parcel 10**); and "Apanas 1 and 2 of Land Commission Award No. 3059 to KAUI (k), within the land identified as Tax Map Key No. (1) 4-9-001-013" (**Parcel 13**).

Mitchell was not named in the First Amended Complaint, but she appeared in the case in response to a summons by publication. Mitchell made her first appearance at a return hearing held by the Circuit Court on April 30, 2013. Also on April 30, 2013, Mitchell along with several other individuals described as "Sovereign NAHOLOWAA (k) aka NAHOLOAA and heirs including: . . Kaui (K) and hiers [sic]" filed a joint response to Kualoa Ranch's First Amended Complaint.

---

[3] HRS § 669-6 provides:

**§ 669-6 Disclaimer, default, no costs.**

If in the action the defendant disclaims in the defendant's answer any interest or estate in the property or suffers judgment to be taken against the defendant without answer, the plaintiff shall not recover costs.

On May 16, 2013, Mitchell filed another document in the Circuit Court asserting that she is a descendant of the Kaui lineage and one of the heirs to the Kaui land. This indicated a claim with respect to Parcel 13.

On August 8, 2013, Kualoa Ranch filed a Motion for Summary Judgment as to Parcel 13, stating, inter alia, that "[a]ll persons have defaulted and thereby relinquished possible claims, except for Pro se Defendants August K. Cambra, Jr., Stella R. Maka, Amelia Gora, John H. Kahele, Mary Ellen K. Malabey, Loren Andrade, May Villacruzes, Verna Schubert, Juliana Sampoang, Layla U. Kaehu, Phoebe P. Lopes, Madeline L. Maiava, Gail H. Watts, Filsann K. Kamakeaina, Clara Gonzaga, Lizzie Kaima Kaina Davis, May Warren, Linda K.H. Kamai, Lily Burke, Kuulei N. Mitchell, Layla U. Burke, James Pua Kaai, Darlene K. Vaai, Lyle K. Rodrigues, Melvin K. Rodrigues, Leilehualani K. Kane, Wincyceslau D. Lorenzo aka Kamehameha VI, Dawn K. Wasson, Priscilla Luka Ululani Kahele, Karen Lehia Nihipali, Shirley Nalani Vasquez and Herbert Paku[.]" (Emphasis added). Mitchell and other defendants filed documents in opposition to the summary judgment motion.

On December 31, 2013, Kualoa Ranch filed a motion for summary judgment regarding Parcels 8 and 10. Mitchell opposed this motion as well.

On January 16, 2014, the Circuit Court issued an order granting summary judgment in favor of Kualoa Ranch and against those claiming title to Parcel 13, including Mitchell. Mitchell filed two motions for reconsideration of the January 16, 2014 summary judgment order, both of which were denied.[4]

On March 28, 2014, the Circuit Court issued an order granting summary judgment in favor of Kualoa Ranch regarding Parcels 8 and 10 and against most remaining defendants, including

---

[4] On February 13, 2014, Mitchell also filed a notice of appeal from the Circuit Court's summary judgment order filed on January 16, 2014, which resulted in CAAP-14-0000499. However, because the Circuit Court had not resolved all of the claims in the case or entered an appealable final judgment, CAAP-14-0000499 was dismissed for lack of appellate jurisdiction on March 21, 2014.

4

Mitchell. The order indicated that the claims of two other defendants, Priscilla L.U. Kahele and Hiram K. Kahele, Jr., would be resolved at a later time. Subsequently, the record reflects that the Circuit Court resolved the claims regarding Priscilla L.U. Kahele and Hiram K. Kahele, Jr.

On November 26, 2014, the Circuit Court entered its "Final Judgment" in favor of Kualoa Ranch and against two hundred nine defendants who were specified by name in the judgment, including Mitchell. Mitchell did not appeal from the Final Judgment.

## B. Taxation of Costs and Judgment for Costs

On September 4, 2015, over nine months after entry of the Final Judgment, Kualoa Ranch filed a Notice of Taxation of Costs against twenty specified defendants, including Mitchell, seeking costs in the amount of $26,088.96. Attached to the Notice of Taxation of Costs was an Exhibit "A", which consists of a table summarizing and describing the costs sought by Kualoa Ranch, as well as numerous pages of supporting documentation. The requested costs, as summarized in Exhibit "A", included such items as: multiple entries for sheriff's fees related to service, or attempted service, upon identified individuals; a publication fee for notice of summons in the amount of $2,413.61; copying and other fees to obtain documents at various locations such as the Bureau of Conveyances, the Circuit Court, and the State Archives; fees to obtain certified copies of death certificates from the Hawaii Department of Health; translation services fees; multiple invoices for sheriff's fees related to evictions; costs related to searches for defendants' addresses; and copying and postage costs for numerous items, including the return of service and proof of service on numerous defendants. The Notice of Taxation of Costs did not specify or seek to apportion the costs related to or among the defendants named in the notice. A declaration by Kualoa Ranch's counsel in support of the Notice of Taxation of Costs states that the case is a quiet title action under HRS Chapter 669 and that under HRS § 669-6, costs shall not be

5

awarded against defendants who disclaim or allow entry of default by not answering. Counsel for Kualoa Ranch thus asserted that Kualoa Ranch "seeks taxation of costs only against the following defendants who appeared and opposed [Kualoa Ranch's] claims in this case", and identified by name twenty defendants, including Mitchell.[5]

On September 11, 2015, the Circuit Court Clerk entered the Taxation of Costs against the twenty defendants identified in Kualoa Ranch's Notice of Taxation of Costs, including Mitchell, in the requested amount of $26,088.96. Like the Notice of Taxation of Costs submitted by Kualoa Ranch, the Taxation of Costs entered by the Circuit Court Clerk does not specify any apportionment of the costs among the defendants identified therein, and simply states: "[p]ursuant to [Kualoa Ranch's] Notice of Taxation of Costs and Bill of Costs filed September 4, 2015, costs are taxed in favor of [Kualoa Ranch] against [the twenty identified defendants] in the amount of $26,088.96."

The record reflects that there was no objection to the Taxation of Costs. On October 6, 2015, Mitchell filed her notice

---

[5] The Notice of Taxation of Costs did not cite to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(d), but it appears that the procedure under this rule was followed by the Circuit Court. HRCP Rule 54(d)(1) provides:

**Rule 54. Judgments; costs; attorneys' fees.**

. . . .

(d) *Costs; attorneys' fees.*
(1) COSTS OTHER THAN ATTORNEYS' FEES. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the State or a county, or an officer or agency of the State or a county, shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on 48 hours' notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

HRCP Rule 54(d)(1) does not provide a deadline by which a party must seek taxation of costs, and therefore Kualoa Ranch's Notice of Taxation of Costs was timely under this rule. The record reflects that Kualoa Ranch served Mitchell by mail with the Notice of Taxation of Costs on September 4, 2015. As noted earlier, Mitchell did not file any motion or objection to the Taxation of Costs in the Circuit Court. On the other hand, Kualoa Ranch's Notice of Taxation of Costs did not cite or refer to HRCP Rule 54 in any manner.

of appeal from the Taxation of Costs, which resulted in this appeal.[6]

On October 19, 2015, the Circuit Court entered the Judgment for Costs, which states in relevant part: "[p]ursuant to the Taxation of Costs, filed September 11, 2015, judgment is hereby entered in favor of [Kualoa Ranch] against [the twenty identified defendants] for recovery of $26,088.96 for costs."

## II. Standard of Review

Typically, with respect to taxation of costs, the following standard of review applies:

> "The award of a taxable cost is within the discretion of the [circuit] court and will not be disturbed absent a clear abuse of discretion." Wong v. Takeuchi, 88 Hawai'i 46, 52, 961 P.2d 611, 617 (1998) (internal quotation marks and citation omitted). "An abuse of discretion occurs when the [circuit] court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Hac v. Univ. of Hawai'i, 102 Hawai'i 92, 101, 73 P.3d 46, 55 (2003) (internal quotation marks and citations omitted).

Pulawa v. GTE Hawaiian Tel, 112 Hawai'i 3, 10-11, 143 P.3d 1205, 1212-13 (2006).

However, because Mitchell did not object to or challenge the Taxation of Costs in the Circuit Court, we review for plain error.

> In civil cases, the plain error rule is only invoked when "justice so requires." We have taken three factors into account in deciding whether our discretionary power to notice plain error ought to be exercised in civil cases: (1) whether consideration of the issue not raised at trial requires additional facts; (2) whether its resolution will affect the integrity of the trial court's findings of fact;

---

[6] Mitchell did not appeal from the Final Judgment previously entered by the Circuit Court on November 26, 2014. The Taxation of Costs, filed on September 11, 2015, was a post-judgment order from which Mitchell could and did appeal. See Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (a post-judgment order is an appealable final order under HRS § 641-1(a) "if the order ends the proceedings, leaving nothing further to be accomplished."); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawai'i, 106 Hawai'i 416, 428 n.12, 106 P.3d 339, 351 n.12 (2005) (noting that an order resolving a post-judgment motion for attorney's fees and interest was an appealable final order under HRS § 641-1(a)); HRCP Rule 54(d)(1) (authorizing Circuit Court Clerk to enter taxation of costs). For purposes of appellate jurisdiction, Mitchell did not need to appeal from the October 19, 2015 Judgment for Costs because "the separate judgment requirement articulated in Jenkins [v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994)] is inapposite in the post-judgment context." Ditto, 103 Hawai'i at 158, 80 P.3d at 979.

and (3) whether the issue is of great public import.

Montalvo v. Lapez, 77 Hawai'i 282, 290, 884 P.2d 345, 353 (1994) (quoting State v. Fox, 70 Haw. 46, 56 n.2, 760 P.2d 670, 676 n.2 (1988)).

### III. Discussion

### A. Invoking Plain Error Review

The first factor for considering whether to invoke plain error review in a civil case is "whether consideration of the issue not raised at trial requires additional facts." 77 Hawai'i at 290, 884 P.2d at 353. This factor is "based on the tenet that an appellate court should not review an issue based upon an undeveloped factual record." Id. at 290-91, 884 P.2d at 353-54 (citation omitted). In this case, the record is more than sufficiently developed to address whether the $26,088.96 in costs requested by Kualoa Ranch should have been taxed against Mitchell. Exhibit "A" attached to Kualoa Ranch's Notice of Taxation of Costs provides a detailed summary of the costs incurred and sought by Kualoa Ranch. Further, with respect to many of the cost items, Exhibit "A" identifies the individual defendant or defendants to whom the cost item pertains.

With regard to the second factor -- whether resolution of the issue will affect the integrity of the trial court's findings of fact -- the Circuit Court did not make any findings of fact as to the taxation of costs. Rather, the Circuit Court Clerk entered the Taxation of Costs, and the Circuit Court subsequently entered the Judgment for Costs. There are no findings of fact by the Circuit Court which could be affected by the instant appeal, and thus the second factor for considering plain error review does not apply. See Alvarez Family Tr. v. Ass'n of Apartment Owners of Kaanapali Alii, 121 Hawai'i 474, 491, 221 P.3d 452, 469 (2009) (citation omitted).

The third factor is whether the issue is of great public import. Mitchell makes various arguments, including that large awards of costs to plaintiffs in quiet title actions would have a chilling effect on the willingness of defendants to assert

8

their adverse claims in such actions. Mitchell further cites to HRS § 669-6, arguing that the Legislature provided that defendants who allow default to be entered against them shall not be assessed costs and thus the costs for serving those defendants should not be assessed against other defendants who appear and defend their claims. Mitchell points out the award of costs against her was particularly unfair where there were hundreds of named and unnamed defendants, and that the costs for service of process claimed by Kualoa Ranch was $6,220.53, all of which except $149.97 was incurred before Mitchell made her appearance in the case on April 30, 2013.

We agree with Mitchell that addressing the award of costs against her in this quiet title action is of great public import. We conclude it is of public importance to address the application of HRS § 669-6, a statute for which only predecessor versions were briefly addressed in *dicta* over a hundred years ago. See Lahaina Agric. Co. v. Poaha, 18 Haw. 494 (Haw. Terr. 1907); Hakalau Plantation Co. v. Kahuena, 14 Haw. 189 (Haw. Terr. 1902); see also Earl M. Jorgensen Co. v. Mark Constr., Inc., 56 Haw. 466, 476, 540 P.2d 978, 985 (1975) (concluding that plain error review was warranted where, as to the third factor, the issue on appeal was one of first impression and called for the interpretation and elucidation of a statute). Further, determining title to land in quiet title actions is of great importance, and our courts have recognized that litigation related to land title carries significant implications. See State v. Zimring, 52 Haw. 472, 479 P.2d 202 (1970), reh'g denied, 52 Haw. 526 (1971) (recognizing the case presented an issue of vast public importance regarding title to land created by volcanic eruption); Ainini v. Kala, 6 Haw. 16, 17 (Haw. Kingdom 1869) ("This is an important case, as are all cases involving questions concerning titles in land."). As such, it is important to address the costs that can be assessed against defendants in a quiet title action, because the potential assessment of costs can directly affect the willingness and ability of defendants to

engage in such litigation.

In sum, the first and third factors in considering whether to invoke plain error review weigh in favor of such review in this appeal. The second factor does not apply. Moreover, as expressed by the Hawai'i Supreme Court, "the plain error doctrine is based on notions of equity and justice." Montalvo, 77 Hawai'i at 291, 884 P.2d at 354 (citation omitted). In our view, considering all of the circumstances in this case, notions of equity and justice require that we invoke plain error review for Mitchell's appeal.

## B. The Award of Costs Must Be Vacated

The Taxation of Costs against Mitchell includes costs that are clearly related to defendants who defaulted in the case and against whom judgment was entered. Under HRS § 669-6, we hold that Kualoa Ranch must bear those costs and cannot recover them from Mitchell.

HRS Chapter 669 deals with actions to quiet title.[7] In turn, HRS § 669-6 provides: "If in the action the defendant disclaims in the defendant's answer any interest or estate in the property or suffers judgment to be taken against the defendant without answer, the plaintiff shall not recover costs." The statute is written in terms of "the defendant" or, in other words, in a style addressing one defendant, and provides that where the defendant disclaims any interest or does not answer in a quiet title action and judgment is entered against that defendant, the plaintiff shall not recover costs. However, Chapter 669 expressly contemplates that there may be more than one defendant in a quiet title action. HRS § 669-2(a) (2016) provides: "Any person may be made a defendant in the action who has or claims, or may claim, an interest in the property adverse

---

[7] HRS § 669-1(a) (2016) provides:

§669-1 Object of action. (a) Action may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim.

to the plaintiff, or who is a necessary party to a complete determination or settlement of the issues involved therein." Thus, considering HRS § 669-6 in the context of the other provisions in Chapter 669, we interpret that section as follows: where there are multiple defendants in a quiet title action and any defendant either (a) disclaims in the defendant's answer any interest or estate in the property or (b) suffers judgment to be taken against the defendant without answering the action, the plaintiff shall not recover costs as to that defendant. In short, the plaintiff shall bear the costs related to such defendants and cannot recover those costs from other defendants.

We have found no reported case discussing HRS § 669-6, and have found only two cases that previously addressed, in passing fashion, the predecessor versions of the statute. See Lahaina Agric. Co., 18 Haw. at 495; Hakalau Plantation Co., 14 Haw. at 196.

In Lahaina Agric. Co., the Supreme Court of the Territory of Hawai'i held that the Circuit Court had erroneously dismissed a quiet title action where some of the defendants had disclaimed an interest as to some of the property at issue. 18 Haw. at 495. The court stated in relevant part:

> That each of them then disclaimed as to some of the property did not require the action to be dismissed and plaintiff be deprived of its right to prove its case any more than <u>if one or more of them had disclaimed as to all of it or failed to answer at all, in which case the only effect would be that plaintiff, under Sec. 2088, R. L., could not recover costs against whoever disclaimed as to all or failed to answer</u>.

Id. (emphasis added).

In Hakalau Plantation Co., the Supreme Court of the Territory of Hawai'i addressed the effect of the defendants' general denial to a quiet title action, holding that the Circuit Court had erred in holding that such an answer amounted to a disclaimer. 14 Haw. at 190. In discussing whether the defendants were required to amend their answer "in order to set up their adverse claim", the court stated:

> It may be the better doctrine or the better practice that defendants should be required, as is often held under other statutes elsewhere, to set forth in their pleadings in

11

> actions of this kind their adverse claims in order to be permitted to prove them at the trial, and perhaps this would be a proper subject for a rule of court, but, in our opinion, it is not necessary to do so under our statutes. The statute which provides for actions of this kind does not in terms require it (any more than the statute that relates to actions of ejectment), although it provides that <u>if the defendant disclaims or suffers judgment to be taken against him without answer, the plaintiff shall not recover costs</u> - a very natural and proper provision in a statute of this kind. But there is nothing expressly requiring a defendant to set forth his claim affirmatively in his answer.

Id. at 195-96 (emphasis added).

Both <u>Lahaina Agric. Co.</u> and <u>Hakalau Plantation Co.</u> involved multiple defendants. Although neither case directly decided the issue that we address here, they both contain brief discussion of a predecessor version of HRS § 669-6 from which we glean support for our interpretation of the statute, as set forth above. Our ruling is similarly supported by <u>Boatmen's Nat. Bank of St. Louis v. Rogers</u>, 179 S.W.2d 102 (Mo. 1944), a quiet title action in which one of the defendants appealed and challenged, among other things, the costs that were assessed against him. In construing a statute similar to HRS § 669-6, the Supreme Court of Missouri ruled as follows:

> Section 1686, R.S.1939, Mo.R.S.A., explicitly provides that if a defendant in a quiet title suit 'make default, or appearing, shall by answer admit the fact as stated in the petition and consent to judgment as prayed for' the plaintiff shall pay the costs. From the recitals in the decree <u>certain of the costs fall within the quoted provisions; and the costs as to such defendants should be assessed against plaintiff and not against Rogers</u>. Courts of equity have the inherent and discretionary power to award costs nisi.

Id. at 107 (emphasis added) (citations omitted); <u>see also</u> <u>Erskine v. McCutchan</u>, 9 Ind. 255 (1857) (holding that costs in a quiet title action should be awarded to the plaintiff against defendants who raised an issue tried by the court, but not against defendants who disclaimed the subject property).

As a further and separate matter, we also hold that it was plain error to assess $26,088.96 in costs against Mitchell when it was clear that significant portions of the costs incurred by Kualoa Ranch were unrelated to Mitchell (or the defendants who defaulted and suffered judgment to be taken against them), and

instead were incurred with respect to the many other defendants who asserted a claim in this quiet title action. As noted previously, Kualoa Ranch's First Amended Complaint named one hundred sixty-two defendants. Ultimately, the Circuit Court's Final Judgment, entered on November 26, 2014, entered judgment against two hundred nine specifically identified defendants. Exhibit "A" delineates that many of the cost items were completely unrelated to Mitchell, such as costs for sheriff's fees in serving numerous defendants, none of whom were Mitchell, and for evicting multiple individuals.

In Boatmen's Nat. Bank of St. Louis, the Supreme Court of Missouri held that:

> Plaintiff's bill alleged that each of the several defendants claimed an interest in the whole of the land involved; but several transactions affecting the title were pleaded and the claims of the individual defendants arose out of the different transactions. A decree adjudging all costs against named defendants (as in the instant case against Rogers and others) appears to be harsh; as, equitably, a litigant, in the circumstances presented, should not be required to pay costs directly attributable to transactions concerning others only. Some effort within reasonable limits should be made to allocate the costs in such instances and relieve parties unconcerned with portions of the costs from liability therefor.

179 S.W.2d at 107 (emphasis added); see also Sims v. Barnes, 289 So.2d 753 (Fla. Dist. Ct. App. 1974) (reversing an award of costs in a quiet title action involving more than one hundred defendants and holding it was highly questionable whether numerous cost items were properly assessed against appellants where the trial court did not itemize the sums it found to be taxable). We agree with the sentiment expressed in Boatmen's Nat. Bank of St. Louis. In a quiet title action such as this involving multiple defendants, the plaintiff should make a reasonable effort, and the trial court should exercise its discretion, to allocate or apportion the costs incurred so that defendants are not required to pay significant portions of the costs that are unrelated to them or their claim.

## IV. Conclusion

For the reasons set forth above, to the extent that they pertain to Mitchell, we vacate the Taxation of Costs entered on September 11, 2015, and the Judgment for Costs entered on October 19, 2015. We remand the case to the Circuit Court of the First Circuit for further proceedings related to Mitchell consistent with this opinion.

On the briefs:

Walter R. Schoettle,
for Defendant/Cross-Claim
Defendant/Appellant.

Philip J. Leas,
W. Keoni Shultz,
Nathan T. Okubo,
(Cades Schutte LLP)
for Plaintiff/Counterclaim-
Defendant/Appellee.