————o————

C. C. HAWKINS, Defendant in Error, vs. WILLIAM NOWLAND, Plaintiff in Error.

1. *Costs—Judgment for—Prevailing party.*—In a suit brought in equity by the mortgagor against the mortgagee, for proceeds charged to have been realized by defendant from a fraudulent sale of the property, where the court finds the facts to be as charged, and the money to be due plaintiff, but further ascertains that the same is less than the debt secured by the mortgage, and orders the sum found to be due plaintiff to be entered as a credit upon the mortgage debt. *Held,* that within the meaning of the statute, (W. S., p. 343, § 6,) plaintiff is the prevailing party, and the court properly enters judgment in his favor for costs.

In this case it appears that the money received by defendant was less than the amount of the mortgage debt.

*Error to Buchanan Circuit Court.*

*Ben. Loan,* for Plaintiff in Error.

I. The judgment rendered is substantially a judgment against the plaintiff, Hawkins, and the judgment for costs

should have followed the judgment upon the merits, and been in favor of defendant, Nowland, against Hawkins. (1 W. S., 343, § 6.)

*Vineyard & Young; and M. A. Reed*, for Defendant in Error.

I. Defendant admits his liability for the amount he received, and which he had not credited on the note held by him. The well known rule upon this point is, that in actions against trustees, they will always be charged with costs where they have been guilty of misconduct in the execution of their trust. (Hill Trust, (4 Am. Ed.,) side p. 558.)

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in equity.

The petition charges, that the plaintiff mortgaged a tract of land to the defendant, to secure a debt; that the mortgage contained a power of sale, and that the defendant under this power, with a view to cheat and swindle the plaintiff, sold the property and had it bought in at a reduced price by an agent, for his benefit, and afterwards took a conveyance from the agent and resold the property at a greatly reduced price to an innocent purchaser. The petition then asks, that the defendant be compelled to account for, and pay to the plaintiff, the value of the property, and the rents and profits, after deducting the debt due from the plaintiff to the defendant.

The court upon a final hearing of the cause made a decree, that the defendant should account for the amount he sold the property for, and for the rents during the time he held it, and as the debt of the plaintiff was still unpaid, the decree directed that the amount should be entered as a credit on the debt due by the plaintiff to the defendant, and the court adjudged the costs against the defendant.

The defendant has brought the case here by writ of error. He filed no exceptions in the Circuit Court, and upon the naked record asks a reversal of the judgment, as to the costs.

The plaintiff recovered a judgment, not for what he claimed, but still the judgment was in his favor, requiring a credit to be entered by the defendant which had not been previously allowed. The statute is, that " in all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." (1 W. S., 343, § 6.) The plaintiff was the prevailing party in this case, and was entitled to a judgment for costs.

Let the judgment be affirmed. Judges Vories and Sherwood concur · Judges Napton and Wagner absent.