BENDER, *Appellant*, v. ZIMMERMAN, *Appellant*.

Division Two, June 16, 1896.

135   53
73a 587
135   53
96a ³599

1. Petition: AMENDMENT: WAIVER. Objection to an amended petition for the reason that it changes the cause of action, should be made before trial.

2. ———: DEMURRER: ANSWER. Defects appearing upon the face of the petition and which are grounds for a demurrer, can not be taken advantage of by answer.

3. Equity: COSTS. Where, in an equitable suit, some of the substantial issues are found for the plaintiff and others for the defendant, it is within the discretion of the court to divide the costs.

*Appeal from Buchanan Circuit Court.*—Hon. A. M. Woodson, Judge.

Affirmed.

*Benjamin Phillip* for Zimmerman, appellant and respondent.

(1) The trial court should not have permitted the amendment of the petition. It introduced a new issue and a new cause of action after said cause had been to the supreme court upon other issues, and after costs had been made. *Hammond v. Cameron,* 20 Miss. 509; *Van Marer v. Johnson,* 15 Cal. 308; *Vestner v. Griffith,* 1 Miss. 414; *Harick v. Erickson,* 50 Mo. 117. (2) The court should have sustained defendant's objection to the introduction of any evidence to prove rent, because the same was barred by the statute of limitation and was stale and inequitable on account of the laches of plaintiff. 1 Jones on Mortgages, p. 341; *State ex rel. v. West,* 68 Mo. 229; *Gillispie v. Stone,* 70 Mo. 505. (3) The amendment made by plaintiff after said cause had been remanded, and after said cause had been pending for more than ten years, should have been made, if allowed at all, upon plaintiff's paying all costs. *Harper v. Ely,* 70 Ill. 582; *Phillips v. Holtsiger,* 20 N. J. Eq. 308. (4) The general rule is that the plaintiff and not the defendant must pay costs in a suit to redeem from a mortgagee's possession, and this though he succeeds. In this cause there was no tender by plaintiff, in fact or in his petition, to pay defendant money he had expended on the tax title which plaintiff desired to acquire. 2 Jones on Mortgages, p. 1109, sec. 1111; *Turner v. Johnson,* 95 Mo. 453; *Bender v. Zimmerman,* 122 Mo. 195. (5) This cause is now before the court the second time, and is reported in the

122 Mo., page 195.   Said cause is *res judicata* as to all other matters, the trial court not having power, jurisdiction or authority by virtue of said mandate to try any other question or issue.   *Stump v. Hornback*, 109 Mo. 272; *State ex rel. v. Givan*, 75 Mo. 516; *Chouteau v. Allen*, 74 Mo. 56; 85 N. C. 456; *Shroyer v. Nichol*, 67 Mo. 589; *Chouteau v. Gibson*, 76 Mo. 38; *Harick v. Erickson*, 50 Mo. 117.

*H. S. Kelley* and *S. P. Huston* for Bender, appellant and respondent.

(1) The lower court did not err in permitting plaintiff to amend his petition so as to avoid the variance between the allegations and proof as to rent. *First.*   Because the case was not reversed with special directions, but for a new trial.   *Bender v. Zimmerman*, 122 Mo. 202; *Rees v. McDaniel*, 33 S. W. Rep. (Mo.) 178, and cases cited.   By the reversal and remanding this case the former decree was totally avoided, and the supreme court did not enter any decree of its own in lieu thereof, nor did it remand to the lower court with any directions except to retry the case in accordance with the principles of equity laid down by the opinion of this court.   *Atkinson v. Dixon*, 96 Mo. 582.   *Second.* Because the defendant, by entering upon the trial introducing evidence and submitting the case upon such evidence, waived any objection thereto, and is estopped to question it.   Under the ·original petition plaintiff offered defendant's own sworn testimony, taken before the referee, of rents actually received. The trial court excluded it on the ground of variance. To meet this variance, an amendment was made charging reception of rents.   This presents a mere question of variance, and the amendment when made related back to the commencement of the suit.   *Lottman v.*

*Bennett*, 62 Mo. 159; *Young v. Glascock*, 75 Mo. 575; *Holliday v. Jackson*, 21 Mo. App. 660; *Rutledge v. Railroad*, 123 Mo. 140; *Lilly v. Tobbein*, 103 Mo. 477. (2) The lower court retried the case in conformity to the equitable rules enunciated by this court on the former appeal. *Gwinn v. Waggoner*, 116 Mo. 143; *Stillwell v. Glascock*, 47 Mo. 554; *Lane v. Railroad*, 35 Mo. App. 567. (3) On second appeal only such questions of law will be noticed as were not determined in the previous decision. *Rutledge v. Railroad*, 123 Mo. 121; *Keith v. Keith*, 97 Mo. 223. (4) The lower court erred in adjudging any costs against the plaintiff. All the issues here were found for the plaintiff. *Hawkins v. Nowland*, 53 Mo. 328.

BURGESS, J.—This case was before this court on a former occasion. 122 Mo. 194. The judgment was then reversed and the cause remanded for further trial.

On the trial in which the judgment was rendered from which the former appeal was taken, objections were made by defendant and sustained by the court to the testimony offered by plaintiff as to rents received by defendant on part of the property in question, on the ground of variance, the petition charging that defendant prevented plaintiff from receiving rents, while the proffered evidence tended to show that defendant had received the rents. After the case was remanded plaintiff filed an amended petition, differing from the first only in that it charges defendant with the receipt of the rents. To the petition as amended defendant filed answer to which plaintiff made reply. The parties then proceeded to trial, which resulted in a judgment for plaintiff in the sum of $260.39; that each party pay the costs of his own witnesses in the case, and that all other costs of the officers of the court and referee, not theretofore finally adjudged against

either party, be equally divided between the parties, and that each of them pay one half thereof. Both parties appealed.

The first question to be considered is with respect to the action of the court in permitting plaintiff to amend his petition, charging defendant with rents received. Defendant insists that by the amendment a new and different cause of action was injected into the petition, and for this reason the judgment should be reversed.

So far as disclosed by the record no objection was made to the amendment at the time, nor was any motion made to strike it out because a departure from the cause of action stated in the original petition or for any other cause. The first time that any objection seems to have been taken to it was upon the trial, when plaintiff offered evidence tending to show that rents had been received by defendant, and the amount, when he objected to the evidence on the ground that the allegation was the statement of a new cause of action, and barred by the statute of limitations.

The amendment of pleadings rests largely in the discretion of the court, and is always a matter of exception, which if not taken at the proper time, as in this case, will be considered as waived. A party defendant can not answer an amended petition, and, when evidence is offered to maintain its allegations, object for the first time on the ground that the amendment is a departure from the original.

Nor can defects which appear upon the face of the petition, and which are grounds of demurrer, be raised by answer.

The objection to the evidence on the ground that the cause of action was barred by the statute of limitations was not well taken, under the facts disclosed by the record, the action being an equitable one for the

adjustment of various business transactions between the same parties, in which the taxes against, and the rents received from, the same property were involved. The case seems to have been tried in accordance with the ruling of this court on the former appeal.

Plaintiff insists that the court erred in adjudging any part of the costs against him, and cites in support of this contention *Hawkins v. Nowland*, 53 Mo. 328, in which it was held that where the plaintiff is the prevailing party in a suit in equity, he is entitled to recover his costs, but the ruling in that case was very much modified, if not overruled, in *Turner v. Johnson*, 95 Mo. 431, in which it is held that as a general rule where the plaintiff is the prevailing party, in a suit in equity, he should recover his costs, but where substantial issues are found for one party and like issues found for another, the taxation of costs rests within the discretion of the court, and its ruling will not be disturbed unless there has been an abuse of that discretion. In the case at bar there were substantial issues ruled in favor of the respective parties, and the taxation of costs was a matter of discretion in the court.

Finding no reversible error in the record, the judgment is in all things affirmed. GANTT, P. J., and SHERWOOD, J., concur.