A. MOORE BERRY, Receiver, v. HORACE E. ROOD et al., Appellants.

Division One, January 4, 1910.

1. RECEIVERSHIP: Costs: Compensation of Counsel. The court must fix the compensation of the receiver, and that of his counsel, and ordinarily that must be paid out of the assets of the company; and unpaid stock subscriptions are to be considered assets of the company, where creditors gave it credit relying upon the belief that the stock had been fully paid.

2. ————: ————: Who Should Pay: Exception to Rule. Those who receive the benefits of the receivership should pay the costs thereof. Where the suit for the appointment of a receiver and for the assessment against the stockholders of the defendant company to such an amount of unpaid stock subscriptions as will yield sufficient assets, was instituted by a creditor company alone and not even for the benefit of other creditors, and it wholly failed in the establishment of its claim, but the court ordered the receiver to hear claims against the bankrupt company, and

Berry v. Rood.

other creditors appeared and their claims were allowed along at the same time the creditor company's claim was rejected, the entire costs should not be taxed against the bankrupt company or its stockholders who had not paid their stock subscriptions in full, but a just portion should be taxed against the said creditor company, which by prosecuting its claim made the employment of counsel and much of the expense necessary.

3.⸻: **Reasonable Compensation.** An allowance of $1,000 and expenses to the receiver and of a fee of $5,000 to his counsel, in a receivership which has been pending for fifteen years, and in which there have been three trials and three appeals, is held to be reasonable, under the evidence and the other circumstances.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

REVERSED IN PART AND REMANDED *(with directions).*

*Dawson & Garvin* for appellants.

(1) Defendants ought not to be held liable for all the costs of this suit. It will be inequitable and unfair to require defendants to pay all the costs. R. S. 1899, secs. 1549, 1550, 1559; Turner v. Johnson, 95 Mo. 452; Bender v. Zimmerman, 135 Mo. 53; Schawacker v. McLaughlin, 139 Mo. 333; Plant Seed Co. v. Michel Plant & Seed Co., 37 Mo. App. 313. (2) Defendants are not liable for the expenses of the receivership, nor for the compensation of the special receiver and his attorneys. Defendants are not liable in any case, in Missouri, for such expenses or compensation, unless such liability is created by statute, and there is no such statute in Missouri. City of St. Louis v. Meintz, 107 Mo. 617; Albers v. Merchants' Exchange, 138 Mo. 159. (3) Such expenses and compensation have already been allowed in the case of the Providence Jewelry Company v. Ozark Onyx Company, authority therefor being found in Sec. 755, R. S. 1899; and they must be paid out of the fund in that case, or if that is insufficient, the Providence Jewelry Com-

pany, the plaintiff in that suit, at whose sole instance and request the special receiver was appointed and directed to bring this suit, may be required to pay them. R. S. 1899, sec. 755; City of St. Louis v. St. Louis Gas Light Co., 87 Mo. 224; Pullis v. Pullis Bros. Iron Co., 90 Mo. App. 250; State ex rel. Gray v. Building Assn., 102 Mo. App. 675; Knickerbocker v. Mc-Kindley, 67 Ill. App. 295; McAurow v. Martin, 183 Ill. 266; Couper v. Shirley, 75 Fed. 171; Highley v. Dean, 168 Ill. 266; Welch v. Renshaw, 59 Pac. 968; Richmond v. Irons, 121 U. S. 27. (4) The liability of these defendants as holders of unpaid stock in the Ozark Onyx Company does not extend to the payment of the expenses of the receivership or the compensation of the special receiver or his attorneys. Their liability is limited to the unpaid debts of the corporation and such ordinary court costs as are necessarily incurred in enforcing such liability by motion for execution, and creditors must pay their own attorneys' fees. Berry v. Rood, 168 Mo. 332; Scovill v. Thayer, 105 U. S. 143. (5) The rule in equity is well established that the party at whose special instance and request a receiver has been appointed will be required to pay the expenses of the receivership, and the compensation of the receiver and his counsel in cases: Where the claim of right upon which he based his right to have a receiver appointed has been adjudged unfounded. City of St. Louis v. St. Louis Gas Light Co., 87 Mo. 224; Pullis v. Pullis Bros. Iron Co., 90 Mo. App. 250; State ex rel. v. Building Assn., 102 Mo. 675; Highley v. Deane, 168 Ill. 266. Or where a receiver was useless or unnecessary. City of St. Louis v. St. Louis Gas Light Co., supra; McAurow v. Martin, 183 Ill. 266; Richmond v. Irons, 121 U. S. 27; Highley v. Deane, 168 Ill. 266. Or where there is no fund out of which he can be paid, or the fund is not sufficient. Knickerbocker v. McKindley, 67 Ill. App. 295; Welch v. Renshaw, 57 Pac. 968. And it is proper

to require him to pay such expenses and allowances where the fund is not sufficient, in like manner as when a receiver has been held to have been appointed without any probable cause for so doing.   Welch v. Renshaw, supra; Alderson on Receivers, p. 868, sec. 632.

*Lee W. Grant* for respondent.

(1)   The liability of these defendants for the debt due the Bank of the Republic, the necessity of the receiver's appointment, the liability of defendants for all the costs, were all settled in the previous appeals. All questions presented by the record in the former appeal, or which might have been put in issue, have been decided.   Sou. Ill. & Mo. Bridge Co. v. Stone, 194 Mo. 175; Dixon v. Givan, 75 Mo. 516; Laffon v. Fretwell, 24 Mo. App. 258; Bank v. Taylor, 62 Mo. 338; May v. Crawford, 150 Mo. 524.   (2)   The receiver is an officer of the court and the court always fixes his compensation.   Such compensation must be paid out of the assets of the corporation.   Greeley v. Bank, 103 Mo. 212; Stewart v. Boulware, 133 U. S. 78; State ex rel. v. Bldg. & Loan Assn., 102 Mo. App. 675; Alderson on Receivers, p. 833.   "It has passed into a legal truism in Missouri that so far as creditors are concerned, unpaid stock subscriptions constitute an asset of the corporation that can be subjected to the payment of the debts of the corporation."   Chrisman-Sawyer Banking Co. v. Independence Mfg. Co., 168 Mo. 634; County of Morgan v. Allen, 103 U. S. 498; Cushins v. Pevot, 175 Pa. St. 66.

WOODSON, J.—This is the third appeal of this cause to this court.   The first opinion is reported in the 168 Mo. 316, and the second in 209 Mo. 675.

A detailed statement of the facts of the case is not necessary for the proper  determination of the questions involved in this appeal.

Prior to the year 1893 the defendants and others organized under the laws of this State the Ozark Onyx Company, with a capital stock of $300,000. None of that sum was paid into the treasury of the company in cash, and less than $25,000 thereof was paid in property.

In 1893 the Providence Jewelry Company failed and went into the hands of a receiver, who brought suit against the former company to have a receiver appointed for it. There were no other parties to that suit. A receiver was appointed for the Ozark Company, and after the tangible property of the company had been administered upon, he was discharged. In the meantime the Providence Company had effected a compromise with its creditors, and its assets had been reconveyed to it, and its assignee discharged. Thereupon, the Providence Company was substituted as plaintiff against the Ozark Company in lieu of the discharged assignee. It asked and the court appointed a special receiver for the Ozark Company, with instructions to sue these defendants for the amounts due on their stock.

After giving defendants credit for all sums paid by them in property for their stock in the Ozark Company, it was found that they still owed thereon the sum of $102,279.

The debts of the latter company aggregated about $25,000. The Providence Company claimed that $20,000 of that sum was due it.

One Leighton was president of both companies; and without permission of the Providence Company, he took $20,000 from it and turned it over to the Ozark Company. He took the latter's notes for the same and indorsed them over to the former company. These notes constituted the basis of its claim against the Ozark Company. The latter lost the money in its business; and this court held these defendants were not liable therefor to the Providence Company, for

the reason that Leighton was president of both companies, and, consequently, it did not lend the money to the former company relying upon the faith that its capital stock had been fully paid. This court, however, on the first appeal, held that these defendants were liable for all other indebtedness of the Ozark Company, and such costs as might be taxed against them up to the amount of their unpaid stock.

The receiver was ordered to hear and allow all claims owing by the Ozark Company. He did so and filed his report showing all claims allowed, and disbursements made. This report showed he had no money or funds of any kind left in his hands, leaving nothing to be turned over to his successor.

The receiver was ordered to collect from these defendants the amounts due from them to the corporation for stock held or owned by them but not wholly paid for. An assessment was duly made under the direction of the court for those amounts. The receiver was ordered to sue all stockholders within reach of the process of the courts of this State for the amounts assessed against them, respectively, and was authorized to employ counsel to prosecute said suits. These various suits were brought. Since then the defendants have paid off two of the largest claims against the company, aggregating something over $4000, but they have been fighting the remaining claims, which amounted to less than $300, and the costs of this litigation, including compensation for services performed by the receiver and by his counsel.

One of the questions involved in the second appeal challenged the authority of the circuit court to provide a fund with which to pay the costs of the litigation and the compensation to be paid for services performed by the receiver and his counsel, by assessing the stockholders therefor in advance of a decision of that court determining, first, that they

were liable for the same; and, second, the amount thereof.

This court held that while there was an unusual practice, yet it was not without precedent; and under certain circumstances it might be proper procedure; but in this case we also held that there was no occasion to take up that subject before the court in the original cause had decided those questions. For that reason, the judgment was reversed and the cause remanded with directions to the circuit court to proceed with the cause in conformity to the law as therein expressed.

Upon the return of the cause to the circuit court, plaintiff filed a motion asking judgment against defendants in conformity to views of this court.

Evidence was introduced and heard by the court, and it entered a decree against defendants on account of the following unpaid creditors for the following amounts:

| | |
|---|---:|
| F. O. Sawyer Paper Company | $ 10.99 |
| St. Louis Granite Wall Plaster Company | 20.43 |
| Koken Iron Works | 2.56 |
| Moser Express & Messenger Company | 16.50 |
| C. W. Wall, Assignee | 83.70 |
| J. M. & W. F. Robb | 9.30 |
| Which, with interest, aggregate | $ 260.78 |

The decree was also against the defendants on account of incidental expenses incurred by the receiver, $184.50; for compensation to the receiver, $1,000, and for services of the receiver's attorney in this cause, $5,000, and for all the costs.

Prior to the final decree in the court below, there having been a finding of liability in this court against them to the extent necessary to pay the $143.48 aggregate of indebtedness set forth above, the defendants

filed their motion to tax the great part of the costs against the plaintiff, which motion was as follows (formal parts omitted):

"Now comes the following named defendants, Horace E. Rood, Trustin B. Boyd, Lucian R. Blackmer, Lewis W. Post, John J. Broderick, Joseph D. Bascom, Milton M. McKeen and Charles S. McKeen, and move the court to tax nine-tenths of the costs in this case against the plaintiff and for grounds of said motion assign the following:

"(1) That the plaintiff in this case as receiver is suing in a representative capacity; that is to say, he is suing solely for and on behalf of several alleged creditors of the Ozark Onyx Company, which creditors had separate and distinct causes of action against the Ozark Onyx Company, the aggregate amount of the demands of all the creditors as alleged in the petition being $25,258.55, and the findings and the judgment herein have been in favor of these defendants as to all of said demands except the demands of the following said creditors: F. O. Sawyer Paper Co., $10.00; St. Louis Granite Wall Plaster Co., $29.43; Koken Iron Works, $2.56; Moser Express and Messenger Co., $16.50; C. W. Wall, assignee, $83.70; J. M. & W. F. Robb, $9.30; aggregating only $143.48 without interest, and only $246.78 with interest.

"(2) That the plaintiff in this case made fifty-six parties defendants in this action alleging that they were all stockholders in the Ozark Onyx Company and were liable to contribute to the payment of said demands of the alleged creditors and as to certain of said defendants, to-wit, Eugene F. Williams and J. F. Leighton, the plaintiff voluntarily dismissed this action and as to all the other of said defendants except the eight hereinabove first enumerated, the final judgment herein has been in their favor and against the plaintiff.

"(3) Because there were several, separate and

distinct issues and parties defendant in this case and as to certain of said issues and parties (as stated above in ground 2) the plaintiff voluntarily dismissed and as to certain others of said defendants and certain of said issues there has been a final judgment herein in favor of said defendants and against the plaintiff.

"(4) Because it is inequitable and unjust to tax all the costs of this action against the defendants filing this motion.

"(5) Because the creditors whom the plaintiff as receiver represents in this action might have proceeded in equity directly against these defendants without the intervention of a receiver, or each of said creditors might have filed separate motions for execution against the alleged stockholders of the Ozark Onyx Company, and the appointment of a receiver was wholly unnecessary to enforce any demands which creditors had against stockholders, or to preserve any assets out of which creditors might be paid.

"(6) Because the receiver, plaintiff herein, was appointed in said original cause at the sole instance of the Providence Jewelry Company for the sole purpose of bringing this action against alleged stockholders of the Ozark Onyx Company upon the wrongful allegation made by said Providence Jewelry Company that it had a large demand against the Ozark Onyx Company which it had the right to call upon the stockholders of said last named company to pay, whereas said allegation was false and the said Providence Jewelry Company's claim of a demand was wrongfully made and has been so adjudged."

The court below, on the same day that it sustained plaintiff's motion for judgment, overruled defendant's motion to tax part of the costs against plaintiff, and defendants having unsuccessfully moved for a new trial, perfected their appeal to this court.

I. The only questions presented for determination by this appeal are, are the defendants liable, first, for the amounts allowed the receiver and his counsel, as compensation for their services rendered in the cause; and, second, are those amounts reasonable?

There is no question but what the receiver and his counsel are entitled to be paid reasonable compensation for their services; but the real question is, who should pay it—the defendants or the Providence Jewelry Company? The latter insists that the former and the former insist that the latter should pay same. In any event, the defendants contend the Providence Jewelry Company should be required to pay a portion thereof.

Counsel for the company insists that defendants should be required to pay the receiver and counsel for their services, for the reason that such compensation is but a part of the costs in the case; and they having lost the case, the entire costs thereof should be taxed against them.

The receiver is an officer of the court, and the court, under the evidence, must fix his compensation, as well as that of his counsel. Their compensation ordinarily must be paid out of the assets of the company. [Greeley v. Bank, 103 Mo. 212; Stuart v. Boulware, 133 U. S. 78; Richmond v. Irons, 121 U. S. 27.]

It is also well settled law in this State that insofar as creditors are concerned, unpaid stock subscriptions are in equity considered assets of the corporation, and that they may be subjected to the payment of the debts of the corporation where creditors gave it credit, relying upon the belief that the stock had been fully paid. [Chrisman-Sawyer Banking Co. v. Independence Mfg. Co., 168 Mo. l. c. 646; Morgan County v. Allen, 103 U. S. l. c. 509; Bernheimer v. Converse, 206 U. S. 517.]

I do not understand counsel for appellants to controvert the general rules before stated, but they insist

that, since this suit was instituted by the Providence Jewelry Company *alone, and not even for the benefit of other creditors,* and having wholly failed to maintain its action against the Ozark Company, those facts distinguish this case from those before mentioned wherein the foregoing rules are announced, and that the court should for that reason tax the cost of the case against it, the losing company, upon the broad ground that it lost its case, and it should as an incident to that loss pay the costs of the case.

If those were all of the facts of the case, then there would be great force in that contention; but they are not all of the facts. After the receiver for the Ozark Company was appointed, the court ordered him to hear and allow claims against the corporation, which he proceeded to do; and while the claim of the Providence Company was rejected, and it failed to prove up any sum whetever, yet all of the other creditors of the Ozark Company, in pursuance of the order of the court appeared before the receiver and presented their claim against it for allowance, which were by him allowed. While the suit was not brought for the benefit of these creditors, yet under the order of the court they came in and availed themselves of its benefit, which was just as effective to them as if it had been originally brought for their benefit.

Those services were valuable and should be paid for, but they were of no actual benefit to the Providence Company, for the reason that it lost out on the presentation of its claim; and for that reason it would be unjust to require it to pay for the same. Those who received the benefit should pay for the same.

We are, therefore, of the opinion that all of the costs of those cases should not be taxed against the Providence Company, but, if ascertainable, should be taxed against defendants.

This brings us to the question, should the Provi-

dence Company be required to pay a part of the costs, and, if so, what part?

Counsel for appellants contend that the question of taxing costs in such a proceeding as this rests largely in the sound discretion of the court; and in determining who should pay the costs of the litigation, the court should view the entire case from its inception to its termination, and consider the rights and equities of the parties in the premises; and where substantial issues are found for one party and like issues found for the other, then the costs should be taxed against each as equity and justice demand. In support of that contention counsel cite the following authorities: R. S. 1899, secs. 1549, 1550 and 1559; Turner v. Johnson, 95 Mo. 431; Bender v. Zimmerman, 135 Mo. 53; Schwacker v. McLaughlin, 139 Mo. 333.

Said sections of the statutes read as follows:

"Sec. 1549. When any defendant, in any action, shall plead several matters, any of which shall, upon demurrer joined, be adjudged insufficient, or if a verdict shall be found on any issue in the case for plaintiff, costs shall be given at the discretion of the court.

"Sec. 1550. Where there are several counts in any petition, and any one of them be adjudged insufficient, or a verdict, or any issue joined thereon, shall be found for the defendant, costs shall be awarded at the discretion of the court.

"Sec. 1559. Upon the plaintiff dismissing his suit, or defendant dismissing the same for want of prosecution, the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law."

In the Turner-Johnson case, supra, on page 453, this court, in speaking of this question, through BLACK, J., said: "As a general rule, where the plaintiff is the prevailing party in a suit in equity, he

should recover costs. It was so held in Hawkins v. Nowland, 53 Mo. 328, but without any consideration of the history of these statutes. Where, however, substantial issues are found for one party and like issues found for the other, the taxation of costs will rest in the discretion of the court, and will not be disturbed unless there has been a clear abuse of that discretion. This discretion is vested in the court when the verdict is for one party on one count or defense and for the other party on another count or defense, and there is no reason why the principle should not be applied in equity suits, though there be but one count, there being distinct issues. Some support is given to this conclusion by what was said in Dupont v. McLaran, 61 Mo. 511. In this case there were many distinct issues, that as to the right to redeem being found for the plaintiff, and those as to the amount of money to be paid, for the defendant. We may, therefore, settle the question upon equitable principles."

In the case at bar most of the issues involved in the case were presented by the Providence Company, and practically all of them were decided *against its interests*. In other words, the great bulk of this litigation was between the Providence Company on the one hand and the Ozark Company upon the other; and the findings and decree of the court were in favor of the latter company; consequently, these defendant stockholders were not interested in that litigation, for the reason they could not be called upon to pay any sum on account of their stock subscriptions to the former company until it had recovered a judgment against the latter company. It would, therefore, be unjust to compel these appellants to pay the costs of that unsuccessful litigation. The Providence Company made those costs for its sole benefit, and equity and justice demand that they should pay them, in so far as they can be ascertained. But since a portion of the issues

involved were decided in favor of other creditors of the Ozark Company, and against these appellants, it is but just and equitable that they should pay the costs thereof. However, under the disclosures made by this record, it is impossible to determine just what portion of the costs should be taxed against each party, except a careful reading of the record will show the greater part of the litigation, and especially the last two appeals, was had for the benefit of the Providence Company. So, if we should take that as a basis, which seems fair and just, at least one-half of the costs of this litigation should be taxed against the Providence Company. That, of course, includes one-half of the fees to be paid to the receiver and those allowed to his counsel.

II. The next question presented for determination is, did the court allow an unreasonable sum as compensation for the services performed by the receiver and his counsel?

We think not. This suit has been pending for more than fifteen years. Three trials were had in the circuit court, and three in this court, besides the number of suits brought and prosecuted against the various stockholders for contribution. The matter was submitted to the trial court upon the record before it, and the parol testimony of several competent witnesses who testified in the case as to what such services were reasonably worth.

The court found therefrom that the services of the receiver were worth $1000 and those of his counsel were worth $5000 and rendered judgment for the full amount against the appellants.

In our opinion one-half of said sums as well as one-half of all other costs of the case should be paid by the Providence Company, and the other half should be paid by the appellants. And it is so ordered. The decree is reversed to that extent and the cause remand-

ed with directions to the circuit court to set aside the decree as to costs and said allowances to the receiver and to his attorneys, and to render a decree in the cause in conformity to the views herein expressed.

All concur.